IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB )<br>2101 Webster Street, Suite 1300 )<br>Oakland, CA 94612 )<br> )<br>NATIONAL PARKS )<br>CONSERVATION ASSOCIATION )<br>777 6th Street, NW, Suite 700 )<br>Washington, DC 20001-3723 )<br> )<br>ENVIRONMENTAL INTEGRITY PROJECT )<br>1000 Vermont Ave, NW Suite 1100 )<br>Washington, DC  20005 )<br> )<br>Plaintiffs, )<br> )<br>v. )<br> )<br>UNITED STATES ENVIRONMENTAL )<br>PROTECTION AGENCY )<br>1200 Pennsylvania Ave., NW )<br>Washington, DC  20460 )<br> )<br>MICHAEL S. REGAN, )<br>in his official capacity as Administrator )<br>U.S. Environmental Protection Agency )<br>1200 Pennsylvania Ave., NW )<br>Washington, DC  20460 )<br> )<br>Defendants. )<br>_____ ) | Civ. No. _____<br><br>**COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF** |

## INTRODUCTION

The United States Environmental Protection Agency and its Administrator (collectively "EPA") have failed to perform required, nondiscretionary duties under the Clean Air Act ("the Act"). Specifically, EPA has failed to take final action on state implementation plan revisions submitted by Kansas, Massachusetts, New York, Ohio, Texas, Wisconsin, and Michigan under the Regional Haze Rule, 40 C.F.R. § 51.308, as required by the Clean Air Act, 42 U.S.C. §

1

7410(k)(2).  This action seeks an order compelling EPA to perform its nondiscretionary duty to take final action on these plan revisions.

## JURISDICTION AND VENUE

1. This action arises under the Clean Air Act ("the Act"), 42 U.S.C. §§ 7401–7671q. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 7604 and 28 U.S.C. §§ 2201, 2202, and 1361.

2. In accordance with 42 U.S.C. § 7604(b)(2) and 40 C.F.R. Part 54, Plaintiffs served prior notice on the Administrator of his failure to perform nondiscretionary duties as alleged herein and Plaintiffs' intent to initiate the present action.  This notice (Ex. A) was provided by certified U.S. Mail addressed to the Administrator on March 28, 2023, and delivered to the Administrator on April 7, 2023. More than 60 days have passed since the notices were served pursuant to 42 U.S.C. § 7604(b), and the Administrator's failure to perform nondiscretionary duties complained of in the notice is continuing.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1) because Defendant Michael S. Regan is an officer of the United States sued for acts and omissions in his official capacity, and his official residence is in the District of Columbia.

## PARTIES

4. Plaintiff Sierra Club is a not-for-profit corporation organized and existing under the laws of California, with its principal place of business in Oakland, California.  Sierra Club is a national membership organization with more than 715,000 members residing throughout the United States, including each of the States as defined in 42 U.S.C. § 7602(d).  Sierra Club's mission is to protect and enhance the quality of the natural and human environment, and its activities include public education, advocacy, and litigation to enforce environmental laws.

Sierra Club and its members are greatly concerned about the effects of air pollution on human health and the environment and have a long history of involvement in activities related to air quality.

5. Plaintiff National Parks Conservation Association ("NPCA") is a national not-for-profit corporation organized and existing under the laws of the District of Columbia with its principal place of business in Washington, D.C. Its mission is to protect and enhance America's national parks for the use and enjoyment of present and future generations. Since NPCA was established in 1919, it has advocated for protection of the natural environment (including air quality) in and around the national parks, and has worked to uphold laws and support new legislation to protect natural, cultural, and historical sites and the public's enjoyment of them. Headquartered in Washington, D.C., with 27 regional and field offices throughout the country, NPCA has more than 1.6 million members and supporters, including members in each of the fifty states.

6. Plaintiff Environmental Integrity Project ("EIP") is a national nonprofit corporation headquartered in Washington, D.C., founded to advocate for the effective enforcement of state and federal environmental laws. EIP's organizational goals include clean air, and specific objectives include accurate accounting of industrial emissions and technology-forcing regulations. EIP staff, directors, and officers live, work, and recreate in areas that the regional haze rule is intended to protect.

7. Defendant Michael S. Regan is the Administrator of the United States Environmental Protection Agency and is charged with taking various actions to implement and enforce the Clean Air Act, including the nondiscretionary actions sought herein. Plaintiffs are

suing Mr. Regan in his official capacity as Administrator of EPA, and he officially resides in Washington, D.C.

8. Defendant United States Environmental Protection Agency is the federal agency charged with implementation of the Clean Air Act.

## BACKGROUND

9. The regional haze program under the Act, 42 U.S.C. §§ 7491–7492, seeks to prevent and remedy any human-caused impairment of visibility in "Class I" national parks and wilderness areas. EPA has issued the Regional Haze Rule, 40 C.F.R. § 51.308, to implement these statutory requirements.

10. The Act requires states containing Class I areas, or containing air pollution sources whose emissions impact Class I areas in other states, to submit state implementation plans (also known as ("Regional Haze Plans")) setting emission limits and compliance schedules to prevent and remedy visibility problems in the affected Class I areas. 42 U.S.C. § 7491(b)(2). These plans must provide for reasonable progress toward eliminating visibility pollution in Class I national parks and wilderness areas by 2064. *Id*.; 40 C.F.R. §§ 51.308(d)(1), (d)(3).

11. Under the Regional Haze Rule, the first state haze plan submissions were due in 2007. Subsequent state haze plans were due by July 31, 2021; by July 31, 2028; and every 10 years thereafter. 40 C.F.R. § 51.308(f). These state submittals must be comprehensive state implementation plan revisions with enforceable emission limitations and other measures to fulfill the Clean Air Act's reasonable progress requirements. 40 C.F.R. § 51.308(f); *see also* 42 U.S.C. § 7410(a)(2)(A).

12. Under 42 U.S.C. § 7410(k)(1)(B), within six months of state's submission of a state implementation plan, including any haze plan, EPA must determine whether the submittal

meets the minimum completeness criteria established under 42 U.S.C. § 7410(k)(1)(A), and 40 C.F.R. Part 51, Appendix V.

13. If EPA does not make a finding of incompleteness within six months of the haze plan submittal, the plan is deemed complete by operation of law. 42 U.S.C. § 7410(k)(1)(B). EPA then has a nondiscretionary duty to take final action approving, disapproving, or conditionally approving a submittal within twelve months of the submittal either being deemed, or found, administratively complete. *Id*. § 7410(k)(2).

## CLAIMS FOR RELIEF

### CLAIM 1:  EPA FAILURE TO TAKE ACTION ON KANSAS HAZE PLAN

14. Kansas submitted its Regional Haze Plan revision for the second planning period to EPA on July 28, 2021. By operation of law, 42 U.S.C. § 7410(k)(1)(B), that submittal was deemed complete as of January 28, 2022.

15. As of the date of this Complaint, more than 12 months have passed since the Kansas Regional Haze Plan was deemed administratively complete. EPA has not taken final action to approve, disapprove, or conditionally approve the Kansas Regional Haze Plan, as required under 42 U.S.C. § 7410(k)(2)–(4).

16. Therefore, EPA is in violation of its nondiscretionary duty under the Clean Air Act to take final action on the Kansas Regional Haze Plan.

### CLAIM 2:  EPA FAILURE TO TAKE ACTION ON MASSSACHUSETTS HAZE PLAN

17. Massachusetts submitted its Regional Haze Plan revision for the second planning period to EPA on July 26, 2021. By operation of law, 42 U.S.C. § 7410(k)(1)(B), that submittal was complete as of January 26, 2022.

18.     As of the date of this complaint, more than 12 months have passed since the Massachusetts Regional Haze Plan was deemed administratively complete. EPA has not taken final action to approve, disapprove, or conditionally approve the Massachusetts Regional Haze Plan, as required under 42 U.S.C. § 7410(k)(2)–(4).

19.     Therefore, EPA is in violation of its nondiscretionary duty under the Clean Air Act to take final action on the Massachusetts Regional Haze Plan.

### CLAIM 3: EPA FAILURE TO TAKE ACTION ON NEW YORK HAZE PLAN

20.     New York submitted its Regional Haze Plan revision for the second planning period to EPA on May 8, 2020. By operation of law, 42 U.S.C. § 7410(k)(1)(B), that submittal was deemed complete as of November 8, 2020.

21.     As of the date of this Complaint, it has been more than 12 months since New York's Regional Haze Plan was deemed administratively complete. EPA has not taken final action to approve, disapprove, or conditionally approve the New York Regional Haze Plan, as required under 42 U.S.C. § 7410(k)(2)–(4).

22.     Therefore, EPA is therefore in violation of its nondiscretionary duty under the Clean Air Act to take final action on the New York Regional Haze Plan.

### CLAIM 4: EPA FAILURE TO TAKE ACTION ON OHIO HAZE PLAN

23.     Ohio submitted its Regional Haze Plan revision for the second planning period to EPA on July 30, 2021. By operation of law, 42 U.S.C. § 7410(k)(1)(B), that submittal was deemed complete as of January 30, 2022.

24.     As of the date of this Complaint, it has been more than 12 months since the Ohio Regional Haze Plan was deemed administratively complete. EPA has not taken final action to

approve, disapprove, or conditionally approve the Ohio Regional Haze Plan, as required under 42 U.S.C. § 7410(k)(2)–(4).

25. Therefore, EPA is in violation of its nondiscretionary duty under the Clean Air Act to take final action on the Ohio Regional Haze Plan.

### CLAIM 5:  EPA FAILURE TO TAKE ACTION ON TEXAS HAZE PLAN

26. Texas submitted its Regional Haze Plan revision for the second planning period to EPA on July 20, 2021.  By operation of law, 42 U.S.C. § 7410(k)(1)(B), that submittal was deemed complete as of January 20, 2022.

27. As of the date of this Complaint, it has been more than 12 months since the Texas Regional Haze Plan was deemed administratively complete.  EPA has not taken final action to approve, disapprove, or conditionally approve the Texas Regional Haze Plan, as required under 42 U.S.C. § 7410(k)(2)–(4).

28. Therefore, EPA is in violation of its nondiscretionary duty under the Clean Air Act to take final action on the Texas Regional Haze Plan.

### CLAIM 6:  EPA FAILURE TO TAKE ACTION ON WISCONSIN HAZE PLAN

29. Wisconsin submitted a Regional Haze Plan revision for the second planning period to EPA on July 30, 2021.  By operation of law, 42 U.S.C. § 7410(k)(1)(B), that submittal was deemed complete as of January 30, 2022.

30. As of the date of this Complaint, it has been more than 12 months since the Wisconsin Regional Haze Plan was deemed administratively complete.  EPA has not taken final action to approve, disapprove, or conditionally approve the Wisconsin Regional Haze Plan, as required under 42 U.S.C. § 7410(k)(2)–(4).

31. Therefore, EPA is in violation of its nondiscretionary duty under the Clean Air Act to take final action on the Wisconsin Regional Haze Plan.

### CLAIM 7:  EPA FAILURE TO TAKE ACTION ON MICHIGAN HAZE PLAN

32. Michigan submitted a Regional Haze Plan revision for the second planning period to EPA on August 24, 2021.  By operation of law, 42 U.S.C. § 7410(k)(1)(B), that submittal was deemed complete as of February 24, 2022.

33. As of the date of this Complaint, it has been more than 12 months since the Michigan Regional Haze Plan was deemed administratively complete.  EPA has not taken final action to approve, disapprove, or conditionally approve the Michigan Regional Haze Plan, as required under 42 U.S.C. § 7410(k)(2)–(4).

34. Therefore, EPA is in violation of its nondiscretionary duty under the Clean Air Act to take final action on the Michigan Regional Haze Plan.

### ALLEGATIONS OF INJURY

35. Once a state submits a revised regional haze plan, EPA must determine, within statutorily mandated deadlines, whether the submittal meets the requirements of the Clean Air Act and take final action either approving or disapproving the plan, and ultimately implementing a federal plan or approving a corrected state plan.  *See generally* 42 U.S.C. §§ 7410(k)(1)–(4), 7410(c)(1).  A haze plan, and the emission reductions required under any such plan, are not final and enforceable without final EPA action approving the state plan or implementing a federal plan.

36. As reflected in the attached declarations, Plaintiffs' members regularly use and enjoy for recreation and aesthetic enjoyment many Class I areas that suffer from visibility impairment caused or exacerbated by pollution from the states at issue in the Complaint.

37. National Parks Conservation Association and Sierra Club member David Platt has made it a life goal to visit all of our country's national parks. Declaration of David Sanford Platt (Ex. B) ¶ 9. To date, he has visited 43 different national parks and wilderness areas. *Id.* ¶ 8. He regularly visits these parks with his wife and daughters, and enjoys taking photos of the vast and scenic landscapes that many of our national parks offer. *Id.* ¶¶ 8, 11. Due to regional haze pollution, however, Mr. Platt's enjoyment of scenic vistas in places like Shenandoah, Acadia, Mammoth Cave, Great Smoky Mountains, Isle Royale, Voyageurs, Rocky Mountain, Big Bend, and Guadalupe Mountains National Parks has been negatively impacted, sometimes making it difficult or impossible to take quality photos because the colors have been dulled. *Id.* ¶ 12–13. Visibility in those and other Class I areas Mr. Platt visits and enjoys has been negatively impacted by pollution from states at issue in this Complaint.

38. National Parks Conservation Association and Sierra Club member Will Harlan has also been adversely affected by poor air quality in Class I areas that is caused, in part, by pollution from states at issue here. Mr. Harlan is a competitive trail-runner, who has spent countless hours running, hiking, cycling, and enjoying the scenic vistas in the Great Smoky Mountains National Park, among several other national parks and wilderness areas. Declaration of Will Harlan (Ex. C) ¶¶ 7–8. He is also a biologist and focuses his scientific research and policy work on protecting endangered and sensitive salamander species in the Blue Ridge Mountains, including the Great Smoky Mountains. *Id.* ¶¶ 4, 16. Haze pollution in the Great Smokies, which is caused or exacerbated by pollution from the states at issue in this Complaint, has caused Mr. Harlan asthma attacks, negatively impacted his enjoyment of the scenic vistas, and impaired Mr. Harlan's ability to do his work. *Id.* ¶¶ 11–16.

39. Sierra Club member Glen Hooks is similarly affected by visibility impairment in Class I areas that experience pollution from states at issue here. Mr. Hooks regularly visits the Upper Buffalo Wilderness Area in Arkansas, hiking and canoeing on his own, with his sons, and with his church. Declaration of Glen Hooks (Ex. D) ¶ 9. Mr. Hooks describes how haze pollution negatively impacts "the panoramic views from Whitaker Point" within the Upper Buffalo, which reduces his enjoyment of the area and makes him feel "as though [his] children are missing out on an important part of growing up and exploring the Ozarks." *Id.* ¶ 12.

40. National Parks Conservation Association member and volunteer Robert Allison's permanent residence is Colorado, but he spends several months a year traveling to Class I areas. Haze pollution from several of the states at issue in this Complaint impacts the Class I areas that he visits on a regular basis, including Rocky Mountain National Park, diminishing his enjoyment of these areas because clear skies are often integral to the experience. Declaration of Robert Allison (Ex. E) ¶¶ 7–12, 16, 20. As noted in Mr. Allison's declaration, when the air quality is particularly bad in Rocky Mountain National Park due to haze, Mr. Allison will avoid making trips to the park because his trips are greatly enhanced when he is able to experience clear skies from the higher peaks within the park. *Id.*

41. These members and many other members of the Plaintiff organizations are adversely affected by visibility impairment that the Clean Air Act and Regional Haze Rule require the states, including the states at issue in this Complaint, to remedy and protect against.

42. As noted, under the regional haze program, the states at issue in this Complaint were required to develop and submit for EPA approval Clean Air Act plans, including enforceable pollution limitations, that reduce and ultimately eliminate pollution that causes or contributes to air quality impairment in any affected Class I national parks and wilderness area,

including areas that Plaintiffs' members regularly visit and enjoy. Those haze plans are not fully effective and enforceable under the Clean Air Act unless and until EPA approves the plans, or implements its own federal plans.

43. Each of the states at issue in this Complaint have submitted regional haze plans for EPA review, but the agency has not taken final action approving or disapproving those plans, as required under the Clean Air Act.

44. EPA's failure to take final action on these state haze plans, in violation of the Clean Air Act, 42 U.S.C. § 7410(k)(2), injures Plaintiffs' members because EPA's failure to act has delayed haze pollution reductions required under the Clean Air Act, thereby prolonging Plaintiffs' members' exposure to harmful haze pollution, which impairs Plaintiffs' members use and enjoyment of the affected Class I areas—pollution that the Act requires the states and EPA to remedy and eliminate.

45. These delays cause injury to Plaintiffs' members by prolonging existing, and allowing future, visibility impairment that impairs Plaintiffs' members' use and enjoyment of Class I areas, and by delaying measures mandated by the Act to remedy and prevent such visibility impairment. The recreational, aesthetic, and environmental interests of Plaintiffs' members have been and continue to be adversely affected by the acts and omissions of EPA alleged in this Complaint. EPA action on the Regional Haze Plans would remedy or lessen these harms.

46. Pollution from the states whose Regional Haze Plans are addressed in this Complaint also endangers the health and welfare of Plaintiffs' members who live, work, and recreate in Class I areas or communities that are affected by pollution that also causes visibility impairment. Among other things, those emissions include sulfur dioxide, nitrogen oxide, and

particulate matter pollution, which are linked to premature death, heart attacks, aggravated asthma, decreased lung function, and other respiratory problems. Such emissions would be subject to limitation and reduction under the Regional Haze Plans on which EPA has failed to act. EPA's failure take action on the Regional Haze Plans for the states addressed in this Complaint, in violation of the Clean Air Act, 42 U.S.C. § 7410(k)(2), therefore prolongs the exposure of Plaintiffs' members to air pollution that endangers their health and welfare. EPA action on the Regional Haze Plans would remedy or lessen these harms.

47. The acts and omissions of EPA alleged herein further deprive Plaintiffs and their members of procedural rights and protections to which they would otherwise be entitled, including, but not limited to, the right to a public hearing on the EPA's proposed action on the Regional Haze Plans, to present oral and written comments, data, documentary information, views, and arguments to EPA and to have them considered and responded to by the agency as part of the rulemaking process. Such acts and omissions also deprive Plaintiffs and their members of the opportunity to judicially challenge EPA action on the Regional Haze Plans. EPA action on the Regional Haze Plans at issue in this Complaint would remedy or lessen these harms.

48. The deprivation of the foregoing opportunities impairs Plaintiffs' and their members' ability to serve and protect their interests and Plaintiffs' ability to fulfill their organizational missions. If Plaintiffs and their members had access to the procedural rights and information required of any haze plan under the Clean Air Act or the Regional Haze Rule, they would use those opportunities and information to educate their members and the public about air pollution throughout the nation and to advocate for adoption of measures to remedy and protect against regional haze in Class I areas. EPA's failure to produce such information deprives

Plaintiffs and their members of these benefits and thus causes them injury. EPA action on the Regional Haze Plans at issue in this Complaint would remedy or lessen these harms.

49. For all the foregoing reasons, the Administrator's failure to discharge the nondiscretionary duties alleged in this Complaint cause Plaintiffs and their members injuries. Granting the requested relief would redress these injuries.

## **RELIEF REQUESTED**

Plaintiffs request that this Court:

1. Declare that EPA's failures to act constitute failures to perform nondiscretionary duties required by 42 U.S.C. § 7410(c)(1) and (k)(2) within the meaning of Clean Air Act, 42 U.S.C. § 7604(a)(2);

2. Preliminarily and permanently enjoin the Administrator from continuing to violate the above-described nondiscretionary duties;

3. Order the Administrator to complete all actions required by 42 U.S.C. §§ 7410(c)(1) and (k)(2), specifically, to take final action on the haze plans for Kansas, Massachusetts, New York, Ohio, Texas, Wisconsin and Michigan as expeditiously as possible;

4. Award Plaintiffs their reasonable costs of litigation, including attorneys' fees, pursuant to 42 U.S.C. § 7604(d);

5. Retain jurisdiction over this action to ensure compliance with the Court's orders; and

6. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

**6/15/2023**                                          s/ Charles McPhedran
_____                          _____
Date                                                        Charles McPhedran
                                                                 District of DC No. PA0116
                                                                 Earthjustice
                                                                 1617 JFK Boulevard, Suite 2020
                                                                 Philadelphia, PA  19103
                                                                 (215) 206-0352
                                                                 cmcphedran@earthjustice.org

*Counsel for Sierra Club, National Parks Conservation Association, and Environmental Integrity Project*

Joshua D. Smith
Admission Pro Hac Vice to be Filed
Sierra Club
2101 Webster Street, #1300
Oakland, CA 94612
(415) 977-5560
joshua.smith@sierraclub.org

*Counsel for Sierra Club*