# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB<br>2101 Webster Street, Suite 1300<br>Oakland, CA 94612<br><br>NATIONAL PARKS<br>CONSERVATION ASSOCIATION<br>777 6th Street, NW, Suite 700<br>Washington, DC 20001-3723<br><br>ENVIRONMENTAL INTEGRITY PROJECT<br>1000 Vermont Ave, NW Suite 1100<br>Washington, DC 20005<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL<br>PROTECTION AGENCY<br>1200 Pennsylvania Ave., NW<br>Washington, DC 20460<br><br>MICHAEL S. REGAN,<br>in his official capacity as Administrator<br>U.S. Environmental Protection Agency<br>1200 Pennsylvania Ave., NW<br>Washington, DC 20460<br><br>Defendants. | Civ. No. 1:23-cv-01744-JDB |

**Exhibit A-1**

July 5, 2023

**Via Certified and Electronic Mail**

Michael Regan, Administrator
U.S. Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Ave., N. W.
Mail Code 1101A
Washington, D.C. 20460

      Re:    **Notice of Intent to File Suit Under the Clean Air Act, 42 U.S.C. §§ 7604(b)(2) and 7410(k)(2)-(4), for Failure to Take Final Action on Regional Haze State Implementation Plans for the Second Planning Period.**

Dear Administrator Regan,

      Under Section 304(b)(2) of the Clean Air Act ("the Act"), 42 U.S.C. § 7604(b)(2), and 40 C.F.R. part 54, Sierra Club, National Parks Conservation Association, and Earthjustice (the "Environmental Organizations") provide notice of their intent to file suit against the Administrator of the U.S. Environmental Protection Agency ("EPA") for the failure of the Administrator to perform acts or duties under the Act which are not discretionary. 42 U.S.C. § 7604(a)(2).[1] Specifically, and as explained in more detail below, the Administrator has violated, and is in violation of, his nondiscretionary duties under 42 U.S.C. § 7410(k)(2)-(4) by failing to take final action on State Implementation Plan ("SIP") revisions submitted by Florida and Indiana under the Regional Haze Rule, 40 C.F.R. § 51.308.

      To remedy those violations, EPA must determine whether those SIP submittals meet the substantive and procedural requirements of the Clean Air Act and the Regional Haze Rule, and take final action either approving, disapproving, or conditionally approving those state plans. Such final action is not only required by the Clean Air Act, but it will further this Administration's promises to protect air quality in national parks, wilderness areas, and in communities across the country where the largest sources of visibility impairing air pollutants are typically located.[2]

---

[1] This notice is provided to you in your official capacity as Administrator of the U.S. Environmental Protection Agency ("EPA") as a prerequisite to bringing a civil action. 42 U.S.C. § 7604(b)(2); 40 C.F.R. part 54. As used herein, the term "EPA" means the Administrator.

[2] *See* Memo from Peter Tsirogotis to Regional Air Directors, Clarifications Regarding Regional Haze State Implementation Plans for the Second Implementation Period, at 16 (July 8, 2021) (https://www.epa.gov/visibility/clarifications-regarding-regional-haze-state-implementation-

1

### I. THE REGIONAL HAZE RULE

In 1977, to protect the "intrinsic beauty and historical and archeological treasures" of the national parks and wilderness areas,[3] Congress directed EPA to ensure the development and implementation of Clean Air Act plans that ultimately eliminate all anthropogenic air pollution impairing the nation's most iconic landscapes. 42 U.S.C. §§ 7491(a)(1), (b). After more than two decades of delay in implementing that mandate, in 1999, EPA finally issued the Regional Haze Rule, which requires the states (or EPA where a state fails to act) to periodically issue SIPs that contain "emission limits, schedules of compliance and other measures" to ensure reasonable progress toward eliminating visibility pollution in Class I national parks and wilderness areas by 2064. 64 Fed. Reg. 35,714, 35,727 (July 1, 1999); 40 C.F.R. §§ 51.308(d)(1), (d)(3). The first of those periodic SIPs were due in 2007. Despite that mandate—and nearly fifteen years after the deadline—several states still do not have fully approved Regional Haze plans for the first planning period.

In 2017, EPA revised the Regional Haze Rule to clarify and strengthen aspects of the Clean Air Act's visibility program. Among other changes, the amended Regional Haze Rule required each state to "revise and submit its regional haze implementation plan revision to EPA by July 31, 2021, July 31, 2028, and every 10 years thereafter." 40 C.F.R. § 51.308(f). The submittal is to be a "comprehensive SIP revision" that includes emission limits and other measures to fulfill the Clean Air Act's reasonable progress requirements. 82 Fed. Reg. 3,078, 3,116; 40 C.F.R. § 51.308(f). Only a handful of states, including Florida and Indiana, submitted SIPs for EPA review in 2021. As of June 30, 2023, however, EPA has yet to take final action on either of those submittals.

### II. EPA IS IN VIOLATION OF ITS MANDATORY STATUTORY DUTY TO TAKE FINAL ACTION APPROVING OR DISAPPROVING THE REGIONAL HAZE SIP REVISIONS SUBMITTED BY FLORIDA AND INDIANA.

Under 42 U.S.C. § 7410(k)(1)(B), within six months of state's submission of a SIP, EPA must determine whether the submittal meets the minimum completeness criteria established under 42 U.S.C. § 7410(k)(1)(A), and 40 C.F.R. part 51, appendix V. If EPA does not make a finding of incompleteness within six months of the SIP submittal, the plan is deemed complete by operation of law. 42 U.S.C. § 7410(k)(1)(B). EPA then has a nondiscretionary duty to take final action approving, disapproving, or conditionally approving a SIP submittal within twelve months of the submittal either being deemed, or found, administratively complete. *Id*. § 7410(k)(2).

As detailed below, EPA has violated, and is in violation of, its statutory duty to take final action on the Regional Haze SIP revisions submitted by Florida and Indiana.

---

plans-second-implementation) (urging the states and EPA regional offices to consider equity and environmental justice when developing their regional haze strategies for the second planning period).
[3] H.R. Rep. No. 95-294, at 203-04 (1977), *reprinted in* 1977 U.S.C.C.A.N 1077, 1282.

**Table 1**

| State | Regional Haze SIP Submission Date | Completeness Date (no later than) | EPA's Deadline to Approve, Disapprove, or Conditionally Approve |
|---|---|---|---|
| Florida | October 8, 2021 | April 8, 2022 | April 8, 2023 |
| Indiana | December 30, 2021 | June 30, 2022 | June 30, 2023 |

First, as reflected in Table 1, Florida submitted its Regional Haze SIP revision for the second planning period on October 8, 2021. That submittal was complete by operation of law no later than April 8, 2022. As of the date of this letter, however, it has been more than twelve months since Florida's Regional Haze SIP was deemed or found administratively complete. Yet, EPA has not taken final action to approve, disapprove, or conditionally approve Florida's SIP, as required under 42 U.S.C. § 7410(k)(2)-(4). EPA is therefore in violation of its nondiscretionary duty under the Clean Air Act.

Second, also as reflected in Table 1, Indiana submitted its Regional Haze SIP revision for EPA review on December 30, 2021. That submittal was deemed complete no later than June 30, 2022. As of the date of this letter, however, it has been more than twelve months since Indiana's Regional Haze SIP was deemed or found administratively complete. Yet, EPA has not taken final action to approve, disapprove, or conditionally approve Indiana's SIP, as required under 42 U.S.C. § 7410(k)(2)-(4). EPA is therefore in violation of its nondiscretionary duty under the Clean Air Act.

As noted, to remedy those violations, EPA must take final action either approving, disapproving, or conditionally approving the Regional Haze SIP revisions submitted by Florida and Indiana. Decades of delay in finalizing and implementing regulations to reduce visibility impairing haze in our parks and wilderness areas have deprived citizens of the enjoyment of these precious resources, and has caused visitors, employees, and wildlife to be unnecessarily exposed to harmful levels of air pollution. Indeed, the same pollutants that cause visibility impairment in Class I areas also harm public health. 82 Fed. Reg. 3,078, 3,081, 3,117 (Jan. 10, 2017). Thus, timely implementation of the Act's visibility requirements not only presents a significant opportunity to improve visibility in the nation's most treasured national parks, but to improve air quality in communities across the country where the largest sources of visibility impairing air pollutants are typically located.

### III.  NOTICE OF INTENT TO SUE

The above-listed Environmental Organizations hereby give notice of their intent to file suit in U.S. District Court after 60 days from the postmark of this letter to compel EPA to perform its overdue mandatory duties under the Clean Air Act as described above.

As required by 40 C.F.R. § 54.3, the persons providing this notice are:[4]

National Parks Conservation Association
777 6th Street NW, Suite 700
Washington DC 20036

Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612

The Environmental Organizations would welcome the opportunity to meet with EPA to discuss the potential for promptly resolving this matter. If EPA is interested in pursuing discussions on the above matter, please contact the undersigned counsel.

Sincerely,

| | |
|---|---|
| Joshua Smith<br>Sierra Club<br>2101 Webster Street, Suite 1300<br>Oakland, CA 94612<br>(415) 977-5560<br>joshua.smith@sierraclub.org<br><br>*Counsel for Sierra Club* | Charles McPhedran<br>Earthjustice<br>1617 John F. Kennedy Boulevard, Suite 2020<br>Philadelphia, PA 19103<br>(215) 717-4521<br>cmcphedran@earthjustice.org<br><br>*Counsel for National Parks Conservation Association and Sierra Club* |

Cc:
Jeffrey Prieto
General Counsel
Office of General Counsel
U.S. Environmental Protection Agency
William Jefferson Clinton Building
1200 Pennsylvania Ave., N. W.
Mail Code: 2310A
Washington, D.C. 20460

Joe Goffman
Principal Deputy Assistant Administrator
Performing Delegated Duties of Assistant Administrator

---

[4] While EPA regulations require the entities providing their notice of intent to provide this information, please direct all correspondences and communications regarding this matter to the undersigned counsel.

4

Office of Air and Radiation
Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Mail Code: 6103A
Washington, DC 20460

Tomás Elias Carbonell
Deputy Assistant Administrator for Stationary Sources
Office of Air and Radiation
Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Mail Code: 6103A
Washington, DC 20460

Peter Tsirigotis
Director
Office of Air Quality Planning and Standards
Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Mail Code: C404-04
Washington, DC 20460





