## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB<br>2101 Webster Street, Suite 1300<br>Oakland, CA 94612<br><br>NATIONAL PARKS<br>CONSERVATION ASSOCIATION<br>777 6th Street, NW, Suite 700<br>Washington, DC 20001-3723<br><br>ENVIRONMENTAL INTEGRITY PROJECT<br>1000 Vermont Ave, NW Suite 1100<br>Washington, DC 20005<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL<br>PROTECTION AGENCY<br>1200 Pennsylvania Ave., NW<br>Washington, DC 20460<br><br>MICHAEL S. REGAN,<br>in his official capacity as Administrator<br>U.S. Environmental Protection Agency<br>1200 Pennsylvania Ave., NW<br>Washington, DC 20460<br><br>Defendants. | Civ. No. 1:23-cv-01744-JDB |

**Exhibit A-2**

1

August 23, 2023

**Via Certified and Electronic Mail**

Michael Regan, Administrator
U.S. Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Ave., N. W.
Mail Code 1101A
Washington, D.C. 20460

    Re:    Notice of Intent to File Suit Under the Clean Air Act, 42 U.S.C. §§ 7604(b)(2) and 7410(k)(2)-(4), for Failure to Take Final Action on Regional Haze State Implementation Plans for the Second Planning Period.

Dear Administrator Regan,

    Under Section 304(b)(2) of the Clean Air Act ("the Act"), 42 U.S.C. § 7604(b)(2), and 40 C.F.R. part 54, Sierra Club, National Parks Conservation Association, and Earthjustice (the "Environmental Organizations") provide notice of their intent to file suit against the Administrator of the U.S. Environmental Protection Agency ("EPA") for the failure of the Administrator to perform acts or duties under the Act which are not discretionary. 42 U.S.C. § 7604(a)(2).[1] Specifically, and as explained in more detail below, the Administrator has violated, and is in violation of, his nondiscretionary duties under 42 U.S.C. § 7410(k)(2)-(4) by failing to take final action on State Implementation Plan ("SIP") revisions submitted by Alaska, Arkansas, Arizona, California, Colorado, Connecticut, Delaware, Georgia, Hawaii, Idaho, Maryland, Montana, North Carolina, North Dakota, New Hampshire, Nevada, Oklahoma, Oregon, South Carolina, South Dakota, Tennessee, Utah, Washington, West Virginia, and Wyoming under the Regional Haze Rule, 40 C.F.R. § 51.308.

    To remedy those violations, EPA must determine whether those SIP submittals meet the substantive and procedural requirements of the Clean Air Act and the Regional Haze Rule, and take final action either approving, disapproving, or conditionally approving those state plans. Such final action is not only required by the Clean Air Act, but it will further this Administration's promises to protect air quality in national parks, wilderness areas, and in communities across the country where the largest sources of visibility impairing air pollutants are typically located.[2]

---

[1] This notice is provided to you in your official capacity as Administrator of the U.S. Environmental Protection Agency as a prerequisite to bringing a civil action. 42 U.S.C. § 7604(b)(2); 40 C.F.R. part 54. As used herein, the term "EPA" means the Administrator.
[2] *See* Exec. Order No. 12,898, *Federal Actions to Address Environmental Justice in Minority Populations and Low-Income Populations*, 59 Fed. Reg. 7,629 (Feb. 11, 1994); Memo from

1

I. **THE REGIONAL HAZE RULE**

In 1977, to protect the "intrinsic beauty and historical and archeological treasures" of the national parks and wilderness areas,[3] Congress directed EPA to ensure the development and implementation of Clean Air Act plans that ultimately eliminate all anthropogenic air pollution impairing the nation's most iconic landscapes. 42 U.S.C. §§ 7491(a)(1), (b). After more than two decades of delay in implementing that mandate, in 1999, EPA finally issued the Regional Haze Rule, which requires the states (or EPA where a state fails to act) to periodically issue SIPs that contain "emission limits, schedules of compliance and other measures" to ensure reasonable progress toward eliminating visibility pollution in Class I national parks and wilderness areas by 2064. 64 Fed. Reg. 35,714, 35,727 (July 1, 1999); 40 C.F.R. §§ 51.308(d)(1), (d)(3). The first of those periodic SIPs were due in 2007. Despite that mandate—and nearly fifteen years after the deadline—many states still do not have fully approved Regional Haze plans for the first planning period.

In 2017, EPA revised the Regional Haze Rule to clarify and strengthen aspects of the Clean Air Act's visibility program. Among other changes, the amended Regional Haze Rule required each state to "revise and submit its regional haze implementation plan revision to EPA by July 31, 2021, July 31, 2028, and every 10 years thereafter." 40 C.F.R. § 51.308(f). The submittal is to be a "comprehensive SIP revision" that includes emission limits and other measures to fulfill the Clean Air Act's reasonable progress requirements. 82 Fed. Reg. 3,078, 3,116; 40 C.F.R. § 51.308(f). Dozens of states submitted SIPs for EPA review in 2022. As of August 23, 2023, however, EPA has yet to take final action on any of those submittals.

II. **EPA IS IN VIOLATION OF ITS MANDATORY STATUTORY DUTY TO TAKE FINAL ACTION APPROVING OR DISAPPROVING THE REGIONAL HAZE SIP REVISIONS SUBMITTED BY ALASKA, ARKANSAS, ARIZONA, CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, GEORGIA, HAWAII, IDAHO, MARYLAND, MONTANA, NORTH CAROLINA, NORTH DAKOTA, NEW HAMPSHIRE, NEVADA, OKLAHOMA, OREGON, SOUTH CAROLINA, SOUTH DAKOTA, TENNESSEE, UTAH, WASHINGTON, WEST VIRGINIA, AND WYOMING.**

Under 42 U.S.C. § 7410(k)(1)(B), within six months of a state's submission of a SIP, EPA must determine whether the submittal meets the minimum completeness criteria established under 42 U.S.C. § 7410(k)(1)(A), and 40 C.F.R. part 51, appendix V. If EPA does not make a

---

Peter Tsirogotis to Regional Air Directors, Clarifications Regarding Regional Haze State Implementation Plans for the Second Implementation Period, at 16 (July 8, 2021) (https://www.epa.gov/visibility/clarifications-regarding-regional-haze-state-implementation-plans-second-implementation) (urging the states and EPA regional offices to consider equity and environmental justice when developing their regional haze strategies for the second planning period).

[3] H.R. Rep. No. 95-294, at 203-04 (1977), *reprinted in* 1977 U.S.C.C.A.N 1077, 1282.

finding of incompleteness within six months of the SIP submittal, the plan is deemed complete by operation of law. 42 U.S.C. § 7410(k)(1)(B). EPA then has a nondiscretionary duty to take final action approving, disapproving, or conditionally approving a SIP submittal within twelve months of the submittal either being deemed, or found, administratively complete. *Id*. § 7410(k)(2).

As detailed below, EPA has violated, and is in violation of, its statutory duty to take final action on the Regional Haze SIP revisions submitted by Alaska, Arkansas, Arizona, California, Colorado, Connecticut, Delaware, Georgia, Hawaii, Idaho, Maryland, Montana, North Carolina, North Dakota, New Hampshire, Nevada, Oklahoma, Oregon, South Carolina, South Dakota, Tennessee, Utah, Washington, West Virginia, and Wyoming.

**Table 1**

| State | Regional Haze SIP Submission Date | Completeness Date (no later than) | EPA's Deadline to Approve, Disapprove, or Conditionally Approve |
|---|---|---|---|
| Alaska | July 25, 2022 | August 3, 2022 | August 3, 2023 |
| Arkansas | August 8, 2022 | August 18, 2022 | August 18, 2023 |
| Arizona | August 15, 2022 | August 16, 2022 | August 16, 2023 |
| California | August 9, 2022 | August 16, 2022 | August 16, 2023 |
| Colorado | May 20, 2022 | August 23, 2022 | August 23, 2023 |
| Connecticut | January 6, 2022 | July 6, 2022 | July 6, 2023 |
| Delaware | August 8, 2022 | August 18, 2022 | August 18, 2023 |
| Georgia | August 11, 2022 | August 15, 2022 | August 15, 2023 |
| Hawaii | August 12, 2022 | August 16, 2022 | August 16, 2023 |
| Idaho | August 4, 2022 | August 11, 2022 | August 11, 2023 |
| Maryland | February 10, 2022 | August 10, 2022 | August 10, 2023 |
| Montana | August 10, 2022 | August 23, 2022 | August 23, 2023 |
| North Carolina | April 4, 2022 | August 15, 2002 | August 15, 2023 |
| North Dakota | August 11, 2022 | August 23, 2022 | August 23, 2023 |
| New Hampshire | May 5, 2022 | August 15, 2022 | August 15, 2023 |
| Nevada | August 12, 2022 | August 16, 2022 | August 16, 2023 |
| Oklahoma | August 9, 2022 | August 18, 2022 | August 18, 2023 |
| Oregon | April 29, 2022 | July 22, 2022 | July 22, 2023 |
| South Carolina | March 4, 2022 | August 15, 2022 | August 15, 2023 |
| South Dakota | July 29, 2022 | August 23, 2022 | August 23, 2023 |
| Tennessee | February 23, 2022 | August 23, 2022 | August 23, 2023 |
| Utah | August 2, 2022 | August 23, 2022 | August 23, 2023 |
| Washington | January 28, 2022 | July 28, 2022 | July 28, 2023 |
| West Virginia | August 12, 2022 | August 18, 2022 | August 18, 2023 |
| Wyoming | August 10, 2022 | August 23, 2022 | August 23, 2023 |

First, as reflected in Table 1, Alaska submitted its Regional Haze SIP revision for the second planning period on July 25, 2022. That submittal was deemed complete no later than August 3, 2022. As of the date of this letter, however, it has been more than twelve months since Alaska's Regional Haze SIP was deemed or found administratively complete. Yet, EPA has not taken final action to approve, disapprove, or conditionally approve Alaska's SIP, as required under 42 U.S.C. § 7410(k)(2)-(4). EPA is therefore in violation of its nondiscretionary duty under the Clean Air Act.

Second, as reflected in Table 1, Arkansas submitted its Regional Haze SIP revision for the second planning period on August 8, 2022. That submittal was deemed complete no later than August 18, 2022. As of the date of this letter, however, it has been more than twelve months since Arkansas's Regional Haze SIP was deemed or found administratively complete. Yet, EPA has not taken final action to approve, disapprove, or conditionally approve Arkansas's SIP, as required under 42 U.S.C. § 7410(k)(2)-(4). EPA is therefore in violation of its nondiscretionary duty under the Clean Air Act.

Third, as reflected in Table 1, Arizona submitted its Regional Haze SIP revision for the second planning period on August 15, 2022. That submittal was deemed complete no later than August 16, 2022. As of the date of this letter, however, it has been more than twelve months since Arizona's Regional Haze SIP was deemed or found administratively complete. Yet, EPA has not taken final action to approve, disapprove, or conditionally approve Arizona's SIP, as required under 42 U.S.C. § 7410(k)(2)-(4). EPA is therefore in violation of its nondiscretionary duty under the Clean Air Act.

Fourth, as reflected in Table 1, California submitted its Regional Haze SIP revision for the second planning period on August 9, 2022. That submittal was deemed complete no later than August 16, 2022. As of the date of this letter, however, it has been more than twelve months since California's Regional Haze SIP was deemed or found administratively complete. Yet, EPA has not taken final action to approve, disapprove, or conditionally approve California's SIP, as required under 42 U.S.C. § 7410(k)(2)-(4). EPA is therefore in violation of its nondiscretionary duty under the Clean Air Act.

Fifth, as reflected in Table 1, Colorado submitted its Regional Haze SIP revision for the second planning period on May 20, 2022. That submittal was deemed complete no later than August 23, 2022. As of the date of this letter, however, it has been more than twelve months since Colorado's Regional Haze SIP was deemed or found administratively complete. Yet, EPA has not taken final action to approve, disapprove, or conditionally approve Colorado's SIP, as required under 42 U.S.C. § 7410(k)(2)-(4). EPA is therefore in violation of its nondiscretionary duty under the Clean Air Act.

Sixth, as reflected in Table 1, Connecticut submitted its Regional Haze SIP revision for the second planning period on January 6, 2022. That submittal was complete by operation of law no later than July 6, 2022. As of the date of this letter, however, it has been more than twelve months since Connecticut's Regional Haze SIP was deemed or found administratively complete. Yet, EPA has not taken final action to approve, disapprove, or conditionally approve

Connecticut's SIP, as required under 42 U.S.C. § 7410(k)(2)-(4). EPA is therefore in violation of its nondiscretionary duty under the Clean Air Act.

Seventh, as reflected in Table 1, Delaware submitted its Regional Haze SIP revision for the second planning period on August 8, 2022. That submittal was deemed complete no later than August 18, 2022. As of the date of this letter, however, it has been more than twelve months since Delaware's Regional Haze SIP was deemed or found administratively complete. Yet, EPA has not taken final action to approve, disapprove, or conditionally approve Delaware's SIP, as required under 42 U.S.C. § 7410(k)(2)-(4). EPA is therefore in violation of its nondiscretionary duty under the Clean Air Act.

Eighth, as reflected in Table 1, Georgia submitted its Regional Haze SIP revision for the second planning period on August 11, 2022. That submittal was deemed complete no later than August 15, 2022. As of the date of this letter, however, it has been more than twelve months since Georgia's Regional Haze SIP was deemed or found administratively complete. Yet, EPA has not taken final action to approve, disapprove, or conditionally approve Georgia's SIP, as required under 42 U.S.C. § 7410(k)(2)-(4). EPA is therefore in violation of its nondiscretionary duty under the Clean Air Act.

Ninth, as reflected in Table 1, Hawaii submitted its Regional Haze SIP revision for the second planning period on August 12, 2022. That submittal was deemed complete no later than August 16, 2022. As of the date of this letter, however, it has been more than twelve months since Hawaii's Regional Haze SIP was deemed or found administratively complete. Yet, EPA has not taken final action to approve, disapprove, or conditionally approve Hawaii's SIP, as required under 42 U.S.C. § 7410(k)(2)-(4). EPA is therefore in violation of its nondiscretionary duty under the Clean Air Act.

Tenth, as reflected in Table 1, Idaho submitted its Regional Haze SIP revision for the second planning period on August 4, 2022. That submittal was deemed complete no later than August 11, 2022. As of the date of this letter, however, it has been more than twelve months since Idaho's Regional Haze SIP was deemed or found administratively complete. Yet, EPA has not taken final action to approve, disapprove, or conditionally approve Idaho's SIP, as required under 42 U.S.C. § 7410(k)(2)-(4). EPA is therefore in violation of its nondiscretionary duty under the Clean Air Act.

Eleventh, as reflected in Table 1, Maryland submitted its Regional Haze SIP revision for the second planning period on February 10, 2022. That submittal was complete by operation of law no later than August 10, 2022. As of the date of this letter, however, it has been more than twelve months since Maryland's Regional Haze SIP was deemed or found administratively complete. Yet, EPA has not taken final action to approve, disapprove, or conditionally approve Maryland's SIP, as required under 42 U.S.C. § 7410(k)(2)-(4). EPA is therefore in violation of its nondiscretionary duty under the Clean Air Act.

Twelfth, as reflected in Table 1, Montana submitted its Regional Haze SIP revision for the second planning period on August 10, 2022. That submittal was deemed complete no later than August 23, 2022. As of the date of this letter, however, it has been more than twelve months

5

since Montana's Regional Haze SIP was deemed or found administratively complete. Yet, EPA has not taken final action to approve, disapprove, or conditionally approve Montana's SIP, as required under 42 U.S.C. § 7410(k)(2)-(4). EPA is therefore in violation of its nondiscretionary duty under the Clean Air Act.

Thirteenth, as reflected in Table 1, North Carolina submitted its Regional Haze SIP revision for the second planning period on April 4, 2022. That submittal was deemed complete no later than August 15, 2022. As of the date of this letter, however, it has been more than twelve months since North Carolina's Regional Haze SIP was deemed or found administratively complete. Yet, EPA has not taken final action to approve, disapprove, or conditionally approve North Carolina's SIP, as required under 42 U.S.C. § 7410(k)(2)-(4). EPA is therefore in violation of its nondiscretionary duty under the Clean Air Act.

Fourteenth, as reflected in Table 1, North Dakota submitted its Regional Haze SIP revision for the second planning period on August 11, 2022. That submittal was deemed complete no later than August 23, 2022. As of the date of this letter, however, it has been more than twelve months since North Dakota's Regional Haze SIP was deemed or found administratively complete. Yet, EPA has not taken final action to approve, disapprove, or conditionally approve North Dakota's SIP, as required under 42 U.S.C. § 7410(k)(2)-(4). EPA is therefore in violation of its nondiscretionary duty under the Clean Air Act.

Fifteenth, as reflected in Table 1, New Hampshire submitted its Regional Haze SIP revision for the second planning period on May 5, 2022. That submittal was deemed complete no later than August 15, 2022. As of the date of this letter, however, it has been more than twelve months since New Hampshire's Regional Haze SIP was deemed or found administratively complete. Yet, EPA has not taken final action to approve, disapprove, or conditionally approve New Hampshire's SIP, as required under 42 U.S.C. § 7410(k)(2)-(4). EPA is therefore in violation of its nondiscretionary duty under the Clean Air Act.

Sixteenth, as reflected in Table 1, Nevada submitted its Regional Haze SIP revision for the second planning period on August 12, 2022. That submittal was deemed complete no later than August 16, 2022. As of the date of this letter, however, it has been more than twelve months since Nevada's Regional Haze SIP was deemed or found administratively complete. Yet, EPA has not taken final action to approve, disapprove, or conditionally approve Nevada's SIP, as required under 42 U.S.C. § 7410(k)(2)-(4). EPA is therefore in violation of its nondiscretionary duty under the Clean Air Act.

Seventeenth, as reflected in Table 1, Oklahoma submitted its Regional Haze SIP revision for the second planning period on August 9, 2022. That submittal was deemed complete no later than August 18, 2022. As of the date of this letter, however, it has been more than twelve months since Oklahoma's Regional Haze SIP was deemed or found administratively complete. Yet, EPA has not taken final action to approve, disapprove, or conditionally approve Oklahoma's SIP, as required under 42 U.S.C. § 7410(k)(2)-(4). EPA is therefore in violation of its nondiscretionary duty under the Clean Air Act.

Eighteenth, as reflected in Table 1, Oregon submitted its Regional Haze SIP revision for the second planning period on April 29, 2022. That submittal was deemed complete no later than July 22, 2022. As of the date of this letter, however, it has been more than twelve months since Oregon's Regional Haze SIP was deemed or found administratively complete. Yet, EPA has not taken final action to approve, disapprove, or conditionally approve Oregon's SIP, as required under 42 U.S.C. § 7410(k)(2)-(4). EPA is therefore in violation of its nondiscretionary duty under the Clean Air Act.

Nineteenth, as reflected in Table 1, South Carolina submitted its Regional Haze SIP revision for the second planning period on March 4, 2022. That submittal was deemed complete no later than August 15, 2022. As of the date of this letter, however, it has been more than twelve months since South Carolina's Regional Haze SIP was deemed or found administratively complete. Yet, EPA has not taken final action to approve, disapprove, or conditionally approve South Carolina's SIP, as required under 42 U.S.C. § 7410(k)(2)-(4). EPA is therefore in violation of its nondiscretionary duty under the Clean Air Act.

Twentieth, as reflected in Table 1, South Dakota submitted its Regional Haze SIP revision for the second planning period on July 29, 2022. That submittal was deemed complete no later than August 23, 2022. As of the date of this letter, however, it has been more than twelve months since South Dakota's Regional Haze SIP was deemed or found administratively complete. Yet, EPA has not taken final action to approve, disapprove, or conditionally approve South Dakota's SIP, as required under 42 U.S.C. § 7410(k)(2)-(4). EPA is therefore in violation of its nondiscretionary duty under the Clean Air Act.

Twenty-First, as reflected in Table 1, Tennessee submitted its Regional Haze SIP revision for the second planning period on February 23, 2022. That submittal was complete by operation of law no later than August 23, 2022.. As of the date of this letter, however, it has been more than twelve months since Tennessee's Regional Haze SIP was deemed or found administratively complete. Yet, EPA has not taken final action to approve, disapprove, or conditionally approve Tennessee's SIP, as required under 42 U.S.C. § 7410(k)(2)-(4). EPA is therefore in violation of its nondiscretionary duty under the Clean Air Act.

Twenty-Second, as reflected in Table 1, Utah submitted its Regional Haze SIP revision for the second planning period on August 2, 2022. That submittal was deemed complete no later than August 23, 2022. As of the date of this letter, however, it has been more than twelve months since Utah's Regional Haze SIP was deemed or found administratively complete. Yet, EPA has not taken final action to approve, disapprove, or conditionally approve Utah's SIP, as required under 42 U.S.C. § 7410(k)(2)-(4). EPA is therefore in violation of its nondiscretionary duty under the Clean Air Act.

Twenty-Third, as reflected in Table 1, Washington submitted its Regional Haze SIP revision for the second planning period on January 28, 2022. That submittal was complete by operation of law no later than July 28, 2022. As of the date of this letter, however, it has been more than twelve months since Washington's Regional Haze SIP was deemed or found administratively complete. Yet, EPA has not taken final action to approve, disapprove, or

conditionally approve Washington's SIP, as required under 42 U.S.C. § 7410(k)(2)-(4). EPA is therefore in violation of its nondiscretionary duty under the Clean Air Act.

Twenty-Fourth, as reflected in Table 1, West Virginia submitted its Regional Haze SIP revision for the second planning period on August 12, 2022. That submittal was deemed complete no later than August 18, 2022. As of the date of this letter, however, it has been more than twelve months since West Virginia's Regional Haze SIP was deemed or found administratively complete. Yet, EPA has not taken final action to approve, disapprove, or conditionally approve West Virginia's SIP, as required under 42 U.S.C. § 7410(k)(2)-(4). EPA is therefore in violation of its nondiscretionary duty under the Clean Air Act.

Twenty-Fifth, as reflected in Table 1, Wyoming submitted its Regional Haze SIP revision for the second planning period on August 10, 2022. That submittal was deemed complete no later than August 23, 2022. As of the date of this letter, however, it has been more than twelve months since Wyoming's Regional Haze SIP was deemed or found administratively complete. Yet, EPA has not taken final action to approve, disapprove, or conditionally approve Wyoming's SIP, as required under 42 U.S.C. § 7410(k)(2)-(4). EPA is therefore in violation of its nondiscretionary duty under the Clean Air Act.

As noted, to remedy those violations, EPA must take final action either approving, disapproving, or conditionally approving the Regional Haze SIP revisions submitted by Alaska, Arkansas, Arizona, California, Colorado, Connecticut, Delaware, Georgia, Hawaii, Idaho, Maryland, Montana, North Carolina, North Dakota, New Hampshire, Nevada, Oklahoma, Oregon, South Carolina, South Dakota, Tennessee, Utah, Washington, West Virginia, and Wyoming. Decades of delay in finalizing and implementing regulations to reduce visibility impairing haze in our parks and wilderness areas have deprived citizens of the enjoyment of these precious resources, and have caused visitors, employees, and wildlife to be unnecessarily exposed to harmful levels of air pollution. Indeed, the same pollutants that cause visibility impairment in Class I areas also harm public health. 82 Fed. Reg. 3,078, 3,081, 3,117 (Jan. 10, 2017). Thus, timely implementation of the Act's visibility requirements not only presents a significant opportunity to improve visibility in the nation's most treasured national parks, but to improve air quality in communities across the country where the largest sources of visibility impairing air pollutants are typically located.

## III.   NOTICE OF INTENT TO SUE

The above-listed Environmental Organizations hereby give notice of their intent to file suit in U.S. District Court after 60 days from the postmark of this letter to compel EPA to perform its overdue mandatory duties under the Clean Air Act as described above.

As required by 40 C.F.R. § 54.3, the persons providing this notice are:[4]

---

[4] While EPA regulations require the entities providing their notice of intent to provide this information, please direct all correspondence and communications regarding this matter to the undersigned counsel.

    National Parks Conservation Association
    777 6th Street NW
    Suite 700
    Washington, DC 20036

    Sierra Club
    2101 Webster Street
    Suite 1300
    Oakland, CA 94612

  The Environmental Organizations would welcome the opportunity to meet with EPA to discuss the potential for promptly resolving this matter. If EPA is interested in pursuing discussions on the above matter, please contact the undersigned counsel.

Sincerely,

| | |
|---|---|
| Joshua Smith<br>Sierra Club<br>2101 Webster Street, Suite 1300<br>Oakland, CA 94612<br>(415) 977-5560<br>joshua.smith@sierraclub.org<br><br>*Counsel for Sierra Club* | Charles McPhedran<br>Earthjustice<br>1617 John F. Kennedy Boulevard,<br>Suite 2020<br>Philadelphia, PA 19103<br>(215) 717-4521<br>cmcphedran@earthjustice.org<br><br>*Counsel for National Parks Conservation Association and Sierra Club* |

Cc:
Jeffrey Prieto
General Counsel
Office of General Counsel
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Mail Code: 2310A
Washington, DC 20460

Joe Goffman
Principal Deputy Assistant Administrator
Performing Delegated Duties of Assistant Administrator
Office of Air and Radiation
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Mail Code: 6103A
Washington, DC 20460

Tomás Elias Carbonell
Deputy Assistant Administrator for Stationary Sources
Office of Air and Radiation
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Mail Code: 6103A
Washington, DC 20460

Peter Tsirigotis
Director
Office of Air Quality Planning and Standards
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Mail Code: C404-04
Washington, DC 20460

