**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SIERRA CLUB; NATIONAL PARKS CONSERVATION ASSOCIATION; ENVIRONMENTAL INTEGRITY PROJECT,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; MICHAEL S. REGAN, in his official capacity as Administrator U.S. Environmental Protection Agency,<br><br>Defendants. | Case No. 1:23-cv-1744-JDB |

## DECLARATION OF L. DAVID GLATT

I, L. David Glatt, state and declare as follows:

1. My name is L. David Glatt. I am over 21 years of age and am fully competent and duly authorized to make this Declaration. The facts contained in this Declaration are based on my personal knowledge and are true and correct.

2. I am the Director of the North Dakota Department of Environmental Quality (Department) and have held this position since I was appointed in 2019, when the Department was founded. Prior to that time, I served as Chief of the Environmental Health Section of the North Dakota Department of Health from 2002 to 2019. As Director, I manage and direct all responsibilities of the Department relating to the control of air emissions and pollution under N.D. Cent. Code ch. 23.1-06 and N.D. Amin. Code art. 33.1-15. These responsibilities include developing air quality standards beyond federal standards, adopting rules protecting air quality, and implementing control

1

technologies to reduce air pollution. I am also responsible for developing and adopting state implementation plans (SIPs) to regulate and control air quality in each air quality control region within the state as part of the federal Regional Haze (RH) Program.

3. North Dakota (State) began its RH implementation process by submitting a SIP for the first planning period on March 3, 2010. The RH SIP addressed the RH Rule of title 40, Code of Federal Regulations, part 51, section 308, Requirements for Preparation, Adoption, and Submittal of Implementation Plans, subpt. P – Protection of Visibility. In the RH SIP, the Department identified seven steam electric generating units that were subject to the best available retrofit technology (BART) requirements that would result in a reduction of 98,618 tons of sulfur dioxide emissions and 21,137 tons of nitrogen oxides emissions per year. The Department further supplemented and amended its SIP, and on April 6, 2012, EPA partially approved and partially disapproved the SIP.[1]

4. On August 11, 2022, the State adopted and submitted, to EPA Region 8, a RH SIP revision to address RH for the second planning period. The State's RH SIP revision was updated to address RH Rule title 40, Code of Federal Regulations, part 51, section 308, subpart P – Protection of Visibility. The RH SIP revision package was prepared for the second round of the RH Rule, and the Department determined that the revisions achieved the goals for visibility improvements and all necessary enforceable emissions limitations were incorporated.

5. The RH SIP revision package also included the required periodic progress report in which the Department determined that the RH SIP revision achieved the goals for visibility improvement and all necessary enforceable emissions limitations were incorporated. The package also included

---

[1] North Dakota submitted SIP Supplement No. 1 on July 27, 2010, SIP Amendment No. 1 on July 28, 2011, and SIP Supplement No. 2 on January 2, 2013. EPA proposed to approve the North Dakota SIP Supplement No. 2. on April 26, 2018, but never took a final action. The State also submitted a Round 1 Progress Report January 12, 2015, which EPA has not acted upon.

a withdrawal and proposed revision of the nitrogen oxides BART determination for Coal Creek Station.

6. On August 23, 2022, the Department received EPA's confirmation that the State submitted its RH SIP revision and a determination that the revision meets the completeness criteria outlined in 40 C.F.R. part 51, appendix. V.

7. Many of the State's air quality rules are dependent on the federal RH requirements, and EPA's delay in issuing a decision on the Department's RH SIP revision limits the Department's ability to properly enforce its regulations. N.D. Admin. Code ch. 33.1-15-25 establishes the responsibilities of the Department relating to the RH requirements under 40 C.F.R. § 51.308. N.D. Admin. Code § 33.1-15-25-03 sets forth the requirements for owners or operators of an existing stationary source, or group of sources, to implement emission reduction measures to make reasonable progress in accordance with the previously referenced Federal Requirements. *Id.* And pursuant to N.D. Admin. Code § 33.1-15-25-03, the Department cannot enforce any reasonable progress requirements without EPA SIP approval.

8. The State now wishes to appear in the current action against EPA to defend North Dakota's statutory and procedural rights regarding EPA's review of North Dakota's RH Program, RH SIP Plan, and the allegations that EPA has failed to perform a non-discretionary duty. The State has a strong and valid interest in this matter because it involves a program specific to the State and many of the State's air quality rules are dependent on EPA's decision regarding the SIP. As the agency responsible for developing, submitting, and enforcing the State's RH Program, the State must be present and represent its interests in the case, and this cannot adequately be done through current parties.

9. Granting the State's motion to intervene will ensure that all relevant parties are heard and allowed to participate in setting a timeline for EPA to issue its decision on the State's RH SIP revision.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on __DECEMBER__ __4__, 2023.

_____
L. David Glatt, P.E., Director
North Dakota Department of Environmental Quality