**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| SIERRA CLUB, NATIONAL PARKS CONSERVATION ASSOCIATION, and ENVIRONMENTAL INTEGRITY PROJECT<br><br>Plaintiffs*,*<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, and MICHAEL S. REGAN, Administrator, United States Environmental Protection Agency, in his official capacity,<br><br>Defendants | Civ. No. 1:23-cv-01744-JDB |

## RESPONSE TO MOTION TO INTERVENE

On November 27, 2023, PacifiCorp filed a Motion to Intervene in this proceeding. ECF Doc. 17. Plaintiffs Sierra Club, National Parks Conservation Association, and Environmental Integrity Project do not oppose PacifiCorp's intervention, subject to two conditions. First, the Court should confirm that PacifiCorp may not dispute that *this Court* is the appropriate forum for resolving Plaintiff's claims that the U.S. Environmental Protection Agency ("EPA") failed to fulfill its mandatory duty to approve or disapprove State Implementation Plans submitted by 34 states, including Utah and Wyoming, under the Clean Air Act's Regional Haze Rule. Second, Plaintiffs oppose PacifiCorp's Proposed Motion to Stay pending the outcome of the Company's substantially identical claims in the U.S. District Courts of Wyoming and Utah, and intend to file a timely response to that Proposed Motion, if the Court grants PacifiCorp's intervention.

1

## INTRODUCTION

In this lawsuit, Plaintiffs seek to compel EPA to comply with its nondiscretionary duty under the Clean Air Act to approve or disapprove state implementation plans submitted by 34 states under the Clean Air Act. *See* 42 U.S.C. § 7410(k)(2). Under the Act, Congress established "as a national goal the prevention of any future, and the remedying of any existing, impairment of visibility" caused by anthropogenic pollution in certain national parks and wilderness areas. 42 U.S.C. § 7491(a)(1). To implement that mandate, EPA issued the Regional Haze Rule, which requires the states (or EPA where a state fails to act) to develop "state implementation plans" ("SIPs") containing enforceable emission limitations that ensure "reasonable progress" toward eliminating human-caused visibility impairment in each affected national park or wilderness area by 2064. 40 C.F.R. § 51.308(d)(1), (d)(3), (f); *see also* 42 U.S.C. §§ 7410(a)(2), 7491(b)(2).

Under the Regional Haze Rule, states were required by 2021 to submit for EPA review revised comprehensive haze plans providing for the application of advanced pollution controls and for reasonable progress towards achieving natural visibility conditions. 40 C.F.R. § 51.308(f). EPA was then required to review and either approve or disapprove those plans within 18 months, at the latest. *See* 42 U.S.C. § 7410(k)(1)(B), (2).

Thirty-four states, including Utah and Wyoming, submitted haze plans for EPA review. EPA has failed to take final action approving or disapproving any of those plans. Plaintiffs' Complaint seeks to require EPA to fulfill its mandatory duty to review and approve or disapprove each of those plans. *See* ECF Doc. 1 (Complaint); ECF Doc. 15 (Amended Complaint).

**ARGUMENT**

PacifiCorp asserts that it has a protectable interest in this litigation for essentially two reasons. First, the Company claims that as a regulated entity that must comply with the Clean Air Act, EPA's unlawful delay approving or disapproving the Utah and Wyoming SIP submissions has created uncertainty and confusion with respect to compliance with the Regional Haze Rule. ECF Doc. 17-1 (PacifiCorp Memorandum in Support of its Motion to Intervene) at 2–3. Second, PacifiCorp suggests, without citing any authority, that it has a protectable interest "in litigating disputes in its choice of forum." ECF Doc. 17-1 at 4. Plaintiffs take no position on PacifiCorp's purported interest in this case as a regulated entity.[1]

If the court grants PacifiCorp's intervention, however, the Court should make clear that PacifiCorp does *not* have a protectable interest in litigating this dispute in the venue of its choice. Indeed, it is well established that an intervenor cannot dispute venue. *Trans World Airlines, Inc. v. Civil Aeronautics Board*, 339 F.2d 56, 64 (2d Cir. 1964), *cert. denied*, 382 U.S. 842 (1965). Having voluntarily joined the action the "intervenor has waived the privilege not to be required to engage in litigation in that forum." Wright & Miller, 7C Fed. Prac. & Proc. Civ. § 1918 (3d ed.) (citing cases). Indeed, "[w]hen a party seeks to enter pending litigation as an intervenor, he enters the litigation subject to the venue which already exists. The purpose of venue is to alleviate the hardship on a defendant arising from his being forced to defend a suit in an

---

[1] For the purposes of PacifiCorp's motion to intervene, the Court need not decide whether Plaintiffs' claims in this Court were filed first, or whether PacifiCorp "raised state-specific claims that are most appropriately heard in" Utah or Wyoming. ECF Doc. 17-1 at 4. Nor does the Court need to address PacifiCorp's suggestion that "overlapping requirements" of the first and second haze planning periods are somehow a factor in setting a deadline for final EPA action. *Id*. at 3. Plaintiffs disagree with, and intend to respond to, both of those contentions if PacifiCorp is allowed to intervene.

inconvenient forum. Such a consideration does not apply to an intervenor." *Commonwealth Edison Co. v. Train*, 71 F.R.D. 391, 394 (N.D. Ill. 1976).

Thus, if the Court grants PacifiCorp's intervention, it can and should exercise its broad discretion to make clear that the Company may not dispute that this Court is the appropriate forum for resolving the claims at issue in this case.  *See Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 737 (D.C. Cir. 2003) (recognizing that district courts may impose appropriate conditions or restrictions upon the intervenor's participation); *see also Waterkeeper Alliance, Inc. v. Wheeler*, 330 F.R.D. 1 (D.D.C. 2018) (imposing conditions on various utilities' intervention as of right in environmental advocacy groups' action against EPA challenging its approval of an Oklahoma program regulating the disposal of coal combustion residuals, and prohibiting the intervenors from introducing new claims or collateral issues); *Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 20 (D.D.C. 2010) (internal quotations omitted) (recognizing that the court may place conditions on intervention to ensure the "fair, efficacious, and prompt resolution of the litigation," and "to achieve judicial economies of scale by resolving related issues in a single lawsuit, and to prevent the single lawsuit from becoming fruitlessly complex or unending."); *cf. Stringfellow v. Concerned Neighbors in Action,* 480 U.S. 370, 383 (1987) (Brennan, J., concurring) ("restrictions on participation may also be placed on an intervenor of right and on an original party"). Alternatively, if the Court grants PacifiCorp's intervention without conditions, Plaintiffs respectfully request leave to file a timely response to the Proposed Motion to Stay.

DATED: this 11th day of December, 2023.

Respectfully submitted,

s/ Charles McPhedran_____

Charles McPhedran (District of DC No. PA0116)
Earthjustice
1617 JFK Boulevard, Suite 2020
Philadelphia, PA 19103
(215) 206-0352
cmcphedran@earthjustice.org

*Counsel for Sierra Club, National Parks
Conservation Association, and Environmental
Integrity Project*

Joshua D. Smith
Oregon Bar No. 071757 (pro hac vice)
Sierra Club
2101 Webster Street, #1300
Oakland, CA 94612
(415) 977-5560
joshua.smith@sierraclub.org

*Counsel for Sierra Club*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of December, 2023, a true and correct copy of the foregoing Response to Motion to Intervene was served via the Court's CM/ECF system upon all counsel of record.

s/ Joshua D. Smith
Joshua D. Smith