**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SIERRA CLUB, et al.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. 1:23-cv-01744-JDB** |
| ) | |
| ) | |
| **UNITED STATES ENVIRONMENTAL** ) | |
| **PROTECTION AGENCY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**DEFENDANTS' RESPONSE TO PACIFICORP'S MOTION TO INTERVENE**

Defendants the United States Environmental Protection Agency and Michael Regan, in his official capacity as Administrator, U.S. Environmental Protection Agency (collectively EPA), respond as follows to PacifiCorp's Motion to Intervene (ECF 17).

Plaintiffs' Original Complaint for Declaratory and Injunctive Relief (Original Complaint) (ECF 1) was filed on June 15, 2023. In their Original Complaint, Plaintiffs alleged that EPA had failed to perform a nondiscretionary duty because it failed to take final action on state implementation plan ("SIP") revisions submitted under the Regional Haze Rule by seven states: Kansas, Massachusetts, New York, Ohio, Texas, Wisconsin, and Michigan. *See* Original Complaint at 1.

The parties have been in discussions seeking to resolve this matter. Plaintiffs filed an Amended Complaint on November 10, which added 27 states, including Utah and Wyoming, to the 7 in the Original Complaint. (ECF 15). Thus, this Court is being asked to set deadlines for EPA to take action on 34 SIPs, including Utah and Wyoming.

PacifiCorp has filed two suits, one in Utah and one in Wyoming, seeking to compel EPA action on those states' SIPs. (*See* ECF 17-1 at 8). Additionally, the States of Utah and Wyoming have each filed separate suits in their home states.[1] EPA intends to negotiate equally and fairly with all interested parties and has committed to make its proposals for Utah and Wyoming at the same time to Plaintiffs, PacifiCorp, and the two states.

PacifiCorp has also moved to intervene in this case. (ECF 17). Defendants do not oppose PacifiCorp's intervention. However, PacifiCorp has indicated that, if its intervention is granted, it intends to file a motion to stay this case as to Utah and Wyoming in favor of its suits in those states. (ECF 17 at 1). Indeed, PacifiCorp's proposed Motion to Stay is attached to its Motion to Intervene. (ECF 17-4). Defendants intend to oppose the motion to stay.

PacifiCorp claims that its interest in litigating its claims in the federal district courts in Utah and Wyoming, and not in this Court, is "significant." (ECF 17-1 at 8).  PacifiCorp has a preference for those courts. It has no protectable interest in having the district courts in Utah and Wyoming set the deadlines for those states instead of this Court. And the district courts in Utah and Wyoming have no specialized knowledge that makes them superior forums to set dates for EPA to act, setting deadlines will not require witnesses, documents, or other evidence located in Wyoming or Utah, and this Court has considerable experience with deadline suits like this one. EPA notes that the State of North Dakota, which is one of the 34 states at issue in this case and which has a sovereign interest in its SIP, has sought to intervene in this case without filing an identical suit in the District of North Dakota. (ECF 18).[2]

---

[1] *Utah v. EPA et al.,* No. 2:23-cv-827 (D. Utah); *Wyoming v. EPA et al.,* No. 1:23-cv-198 (D. Wyo.).

[2] EPA does not oppose North Dakota's intervention.

It will be more judicially efficient and convenient to have a single order from a single court addressing the SIPs for all 34 states. That can only occur in this case. EPA is committed to attempting to negotiate with all interested parties, including PacificCorp, to resolve this case. If Plaintiffs, PacifiCorp, Utah, and Wyoming are unwilling to agree to this Court's setting the deadlines for Utah and Wyoming, EPA will take prompt action, including possibly moving to stay those other cases or transfer them to this District.

Therefore, Defendants do not oppose PacifiCorp's intervention in this case but oppose a stay of this case as to Utah, Wyoming, or any other state.

Respectfully submitted,

FOR DEFENDANTS THE U.S. ENVIRONMENTAL PROTECTION AGENCY and MICHAEL REGAN IN HIS OFFICIAL CAPACITY AS ADMINISTRATOR, U.S. ENVIRONMENTAL PROTECTION AGENCY

/s/ *Mark L. Walters*
MARK L. WALTERS
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Phone: (202) 616-9190
Fax: (202) 514-8865
mark.walters@usdoj.gov

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on this 11th day of December 2023, a true and correct copy of the foregoing

pleading was filed electronically with the Clerk of Court of the U.S. District Court for the District

of Columbia by using the CM/ECF system, which provides notice of filing to all counsel of record

by electronic means.


_____/s/ Mark L Walters_____
Mark L. Walters