IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SIERRA CLUB, NATIONAL PARKS
CONSERVATION ASSOCIATION, *and*
ENVIRONMENTAL INTEGRITY PROJECT,

      *Plaintiffs*,

    *v.*

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, *and* MICHAEL S.
REGAN, *in his official capacity as
Administrator of the U.S. Environmental
Protection Agency*,

      *Defendants.*

Case No.
1:23-cv-01744-JDB

## PACIFICORP'S REPLY IN SUPPORT OF
## ITS MOTION TO INTERVENE

MISHA TSEYTLIN*
Bar Number: 1991031
TROUTMAN PEPPER
HAMILTON SANDERS LLP
227 W. Monroe Street, Ste. 3900
Chicago, IL 60606
(608) 999-1240
(312) 759-1939 (fax)
misha.tseytlin@troutman.com

HILARY S. CAIRNIE
Bar Number: 454912
TROUTMAN PEPPER
HAMILTON SANDERS LLP
401 9th Street, N.W., Ste. 1000
Washington, DC 20006
(202) 220-1207
(202) 220-1465 (fax)
hilary.cairnie@troutman.com

*Application for admission pending

*Counsel for Proposed Intervenor PacifiCorp*

## TABLE OF CONTENTS

ARGUMENT ........................................................................................................................... 1

CONCLUSION ....................................................................................................................... 6

ARGUMENT

PacifiCorp has moved to intervene in this action and has filed a proposed Motion To Stay Plaintiffs' Utah and Wyoming claims pending resolution of PacifiCorp's identical, earlier-filed claims in the U.S. District Courts for the Districts of Utah and Wyoming (collectively, the "Utah and Wyoming Litigations"). In their responses to PacifiCorp's Motion To Intervene, neither Plaintiffs nor EPA[1] oppose PacifiCorp's intervention in this case, *see* Plaintiffs' Response To Motion To Intervene ("Plaintiffs Opp.Br."), Dkt.19 at 3; EPA's Response To PacifiCorp's Motion To Intervene ("EPA Opp.Br."), Dkt.20 at 2, although they do raise objections directed at PacifiCorp's proposed Motion To Stay. Thus, this Court should simply grant PacifiCorp's intervention motion and then allow Plaintiffs and EPA to present their stay-related arguments in responses to PacifiCorp's stay motion, with PacifiCorp filing its reply in support of its Motion To Stay in due course.

A. As PacifiCorp explained in its Memorandum In Support Of Its Motion To Intervene ("PacifiCorp Br."), Dkt.17-1, this Court should grant PacifiCorp intervention for two independently sufficient reasons. First, PacifiCorp is entitled to intervene as of right, as PacifiCorp satisfies each of Rule 24(a)(2)'s four elements for mandatory intervention. PacifiCorp's Motion is timely because PacifiCorp moved to intervene less than three weeks after Plaintiffs amended their complaint to assert the Utah and Wyoming claims at issue. PacifiCorp Br.9–10. PacifiCorp has an

---

[1] "EPA" refers to the U.S. Environmental Protection Agency and its Administrator.

interest in the subject matter of this lawsuit, including because PacifiCorp's electric utility facilities are subject to the regional haze provisions of the Clean Air Act's visibility program. PacifiCorp Br.10–14. This lawsuit threatens PacifiCorp's interests—and, indeed, threatens to extinguish PacifiCorp's earlier-filed claims in the Utah and Wyoming Litigations—and no existing party can adequately represent PacifiCorp's interests. PacifiCorp Br.14–16. Second, and in the alternative, PacifiCorp satisfies the requirements for permissive intervention under Rule 24(b), as PacifiCorp timely filed its intervention motion along with a proposed Complaint In Intervention raising two claims that share common questions of law with the main action. PacifiCorp Br.16–18.

B. Neither Plaintiffs nor EPA argue that PacifiCorp fails to satisfy the four elements of mandatory intervention, and their concession that PacifiCorp is entitled to intervene as of right is reason alone for this Court to grant PacifiCorp's Motion To Intervene, without further inquiry. *See Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014) (citing D.D.C. R. 7(b)). And while Plaintiffs and EPA do raise certain venue- and stay-related arguments in their respective briefing, *see* Plaintiffs Opp.Br.3–4; EPA Opp.Br.2–3, these arguments speak only to whether PacifiCorp is entitled to a stay of this action pending the Utah and Wyoming Litigations, as argued in PacifiCorp's proposed Motion To Stay, *see* PacifiCorp's Memorandum In Support Of Its Motion To Stay The Utah And Wyoming Claims ("PacifiCorp Stay Mot."), Dkt.17-5 at 7–12. Accordingly, this Court should simply grant PacifiCorp's Motion To Intervene and accept PacifiCorp's proposed Motion To Stay, allowing Plaintiffs

and EPA to raise their venue- and stay-related arguments in response to that Motion, with PacifiCorp filing its reply in support of its Motion To Stay in due course thereafter.

In any event—and as PacifiCorp intends to argue more fully in its reply in support of its proposed Motion To Stay—Plaintiffs' and EPA's objections are incorrect.

*First*, with their argument that an intervenor cannot dispute venue, *see* Plaintiffs Opp.Br.3–4, Plaintiffs misunderstand PacifiCorp's position. The Districts of Utah and Wyoming are simply the *more appropriate* forums to hear these claims, including because the Utah and Wyoming claims were first filed in those venues, such that a stay of these claims here would further the interests of judicial economy, comity, and justice. PacifiCorp Stay Mot.8–10. The Districts of Utah and Wyoming are, moreover, the most appropriate venues to hear the Utah and Wyoming claims given that SIPs, by design under the Clean Air Act, are state-specific plans and the regional district courts are the most connected courts to hear and oversee any settlement regarding the timing for action on the Utah and Wyoming SIPs. PacifiCorp Stay Mot.10–11. Accordingly, all of the cases and authorities that Plaintiffs cite are inapposite, as they all address an intervenor's claim that the existing parties' choice of venue is wrong, which is an argument that PacifiCorp does not make. *See* Plaintiffs Opp.Br.3–4. In essence, Plaintiffs' response seeks to limit the *extent* to which PacifiCorp may intervene instead of engaging in the intervention motion itself. But Plaintiffs have not identified any authority for conditioning intervention on the intervenor not pursuing a request to stay litigation in favor of

earlier-filed claims. *See* Plaintiffs Opp.Br.4. As such, most of the positions expressed in Plaintiffs' response are irrelevant at this point.

*Second*, EPA argues, incorrectly, that it would be more judicially efficient and convenient for this Court to adjudicate all state claims and that the regional district courts have no specialized knowledge over these claims. EPA Opp.Br.2–3. But these assertions are contrary to the state-specific structure of the regional haze provisions of the Clean Air Act's visibility program. *See* PacifiCorp Stay Mot.10–11; *see also* 42 U.S.C. § 7401(a)(3) ("air pollution prevention . . . and air pollution control . . . is the primary responsibility of States and local governments"). The States implement the Clean Air Act's visibility program, *see* 42 U.S.C. § 7491(b)(1), and EPA's mandatory deadline to act on a State's SIP is state-specific, depending on the date the State submitted its SIP and when EPA finds that SIP to be complete, *see id.* § 7410(k). The regional forums where PacifiCorp's Utah and Wyoming claims are now pending are best situated to rule on and oversee any settlement of these state-specific claims, and it is perfectly convenient and efficient for them to do so, especially where the Utah and Wyoming claims were first filed in those regional venues. In particular, if unforeseen circumstances arise that warrant a revision to the timelines agreed to for Utah and Wyoming, the regional district courts would be best equipped to address those changed circumstances on a state-by-state basis.

*Third*, EPA states that it "intends to negotiate equally and fairly with all interested parties and has committed to make its proposals for Utah and Wyoming at the same time to Plaintiffs, PacifiCorp, and the two states." EPA Opp.Br.2.

However, EPA admits that it has already "been in discussions [with Plaintiffs] seeking to resolve this matter." EPA Opp.Br.1.  While EPA does not specifically state whether those discussions involved the Utah and Wyoming claims, the parties' filings indicate that EPA and Plaintiffs expressly addressed Plaintiffs amending their complaint to include Utah and Wyoming as part of those discussions.  *See* Dkt.16 at 2.  Further, EPA indicates an intention to treat the States as a group rather than individually despite the different submission dates, deadlines for EPA to act, and individualized SIP contents under review.  EPA claims there are "no protectable interest[s]" for individual States and asks this Court to issue "a single order from a single court addressing the SIPs for all 34 states."  EPA Opp.Br.2–3.  However, as has proven true in the past, EPA may try to use the mere grouping of the States to argue against allowing the regional courts to review those States' SIP decisions.  *See, e.g.*, Respondents' Opposed Mot. To Transfer Or Dismiss Based On Improper Venue at 9–10, *Texas v. EPA*, No.23-60069, Dkt.50 (5th Cir. Mar. 15, 2023) (arguing that "the D.C. Circuit is the only appropriate venue" for challenges to EPA rule "disapproving SIPs from 21 states throughout eight of the ten EPA Regions and ten federal judicial circuits"); *see also ATK Launch Sys., Inc. v. EPA*, 651 F.3d 1194, 1200 (10th Cir. 2011) (transferring challenge to EPA nonattainment area designation to D.C. Circuit on EPA's motion); *S. Ill. Power Coop. v. EPA*, 863 F.3d 666, 674 (7th Cir. 2017) (same).  PacifiCorp is thus concerned that the parties' preexisting discussions in this case are already putting PacifiCorp at a disadvantage.  Indeed, although PacifiCorp filed its claims in the Districts of Utah and Wyoming on October 24, 2023,

and October 26, 2023, respectively, *see* Compl., *PacifiCorp v. EPA*, No.2:23-cv-00771 (D. Utah Oct. 24, 2023); Compl., *PacifiCorp v. EPA*, No.2:23-cv-00200 (D. Wyo. Oct. 26, 2023), it appears that neither EPA nor Plaintiffs alerted this Court to those preexisting claims, even as Plaintiffs subsequently amended their complaint—with EPA's knowledge and consent—essentially duplicating the earlier filed Utah and Wyoming Litigations.

## CONCLUSION

This Court should grant PacifiCorp's Motion to Intervene.

Dated: December 18, 2023

Respectfully submitted,

|  |  |
|---|---|
| MISHA TSEYTLIN* | s/ Hilary S. Cairnie |
|  | HILARY S. CAIRNIE |
| Bar Number: 1991031 | Bar Number: 454912 |
| TROUTMAN PEPPER | TROUTMAN PEPPER |
| HAMILTON SANDERS LLP | HAMILTON SANDERS LLP |
| 227 W. Monroe Street, Ste. 3900 | 401 9th Street, N.W., Ste. 1000 |
| Chicago, IL 60606 | Washington, DC 20006 |
| (608) 999-1240 | (202) 220-1207 |
| (312) 759-1939 (fax) | (202) 220-1465 (fax) |
| misha.tseytlin@troutman.com | hilary.cairnie@troutman.com |

*Application for admission pending*

*Counsel for Proposed Intervenor PacifiCorp*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of December, 2023, a true and accurate copy of the foregoing was served via the Court's CM/ECF system upon all counsel of record.

                                        s/ Hilary S. Cairnie
                                        HILARY S. CAIRNIE
                                        Bar Number: 454912
                                        TROUTMAN PEPPER
                                        HAMILTON SANDERS LLP
                                        401 9th Street, N.W., Ste. 1000
                                        Washington, DC 20006
                                        (202) 220-1207
                                        (202) 220-1465 (fax)
                                        hilary.cairnie@troutman.com