## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SIERRA CLUB, NATIONAL PARKS
CONSERVATION ASSOCIATION, *and*
ENVIRONMENTAL INTEGRITY PROJECT,

      *Plaintiffs,*

   *v.*

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, *and* MICHAEL S.
REGAN, *in his official capacity as
Administrator of the U.S. Environmental
Protection Agency,*

      *Defendants.*

Case No.
1:23-cv-01744-JDB

---

### PROPOSED INTERVENOR PLAINTIFF PACIFICORP'S MEMORANDUM OF POINTS AND AUTHORITIES IN PARTIAL OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT, AS TO UTAH AND WYOMING CLAIMS

---

MISHA TSEYTLIN*
Bar Number: 1991031
TROUTMAN PEPPER
HAMILTON SANDERS LLP
227 W. Monroe Street, Ste. 3900
Chicago, IL 60606
(608) 999-1240
(312) 759-1939 (fax)
misha.tseytlin@troutman.com

HILARY S. CAIRNIE
Bar Number: 454912
TROUTMAN PEPPER
HAMILTON SANDERS LLP
401 9th Street, N.W., Ste. 1000
Washington, DC 20004
(202) 220-1207
(202) 274-2994 (fax)
hilary.cairnie@troutman.com

*\*Application for admission pending*

*Counsel for Proposed Intervenor Plaintiff PacifiCorp*

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................ 1

BACKGROUND ................................................................................................. 3

   A. Legal And Regulatory Background .................................................... 3

   B. Factual And Procedural Background ................................................. 4

      1. EPA Fails To Take Action On The Utah And Wyoming SIPs ............... 4

      2. PacifiCorp Challenges EPA's Failure To Act On The Utah And Wyoming SIPs In The Districts Of Utah And Wyoming, And Plaintiffs Later File Identical Claims Here ........................................ 5

ARGUMENT ..................................................................................................... 8

CONCLUSION .................................................................................................. 13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bledsoe v. Crowley,*
    849 F.2d 639 (D.C. Cir. 1988) ........................................................................ 10

*Colo. River Water Conservation Dist. v. United States,*
    424 U.S. 800 (1976) ....................................................................................... 11

*Fairview Hosp. v. Leavitt,*
    2007 WL 1521233 (D.D.C. May 22, 2007) ..................................................... 11

*Marsh v. Johnson,*
    263 F. Supp. 2d 49 (D.D.C. 2003) ................................................................. 11

*Michigan v. EPA,*
    268 F.3d 1075 (D.C. Cir. 2001) ..................................................................... 12

*Wash. Metro. Area Transit Auth. v. Ragonese,*
    617 F.2d 828 (D.C. Cir. 1980) ....................................................................... 11

*Wyoming v. EPA,*
    78 F.4th 1171 (10th Cir. 2023) ....................................................................... 11

**Statutes And Rules**

42 U.S.C. § 7410 ........................................................................................... 3, 11

42 U.S.C. § 7491 ............................................................................................. 3, 5

42 U.S.C. § 7492 ................................................................................................. 3

42 U.S.C. § 7602 ................................................................................................. 3

42 U.S.C. § 7604 ......................................................................................... 3, 5, 6

Local Rule 40.5 ................................................................................................ 2, 9

**Regulations**

40 C.F.R. § 308 ................................................................................................... 3

40 C.F.R. § 51.300 .............................................................................................. 3

40 C.F.R. § 51.308 .............................................................................................. 3

40 C.F.R. § 54.2 .................................................................................................. 5

40 C.F.R. § 54.3 .................................................................................................. 5

Protection of Visibility: Amendments to Requirements for State Plans, Final
    Rule, 82 Fed. Reg. 3078 (Jan. 10, 2017) ......................................................... 4

## INTRODUCTION

The Clean Air Act's regional haze program requires States to determine the measures necessary to make reasonable progress toward improving visibility in national parks and wilderness areas. While Congress granted to States the authority to design the required plans, which must be updated every ten years, the Clean Air Act also requires EPA's[1] timely review and approval or disapproval.

Unfortunately, EPA has regularly been slow to approve state plans, and has often attempted to override those plans with those of its own design. In fact, significant issues still remain unresolved in some of the original state regional haze plans, even though EPA has now missed its deadline for acting on the next ten-year plans. EPA's failure to act in a timely fashion results in costly uncertainty that impedes the planning necessary for complex industries like electric utilities.

Frustrated with EPA's failure to act, PacifiCorp, along with some of the States in which it operates—Wyoming and Utah—sued EPA at the first opportunity in the relevant local district courts. The goal of those suits is to force EPA to commit to a reasonable deadline for fulfilling its mandatory duty to review and approve state plans for reasonableness and compliance with the Act. Plaintiffs too have sued EPA, in this Court, but with a different agenda in mind—they have lumped all States into a single action with the intent to force EPA to act on the SIPs en masse, without regard to the state-specific considerations of each SIP. PacifiCorp has intervened in

---

[1] "EPA" refers to the U.S. Environmental Protection Agency and its Administrator.

this case to make sure this Court is aware of its earlier filed claims, which EPA and Plaintiffs have failed to mention, and to ensure a seat at any table where EPA's failure to act on the Utah and Wyoming SIPs may be heard.

Although Plaintiffs filed their claims regarding Wyoming and Utah after PacifiCorp filed its identical claims in different courts, they have devised a strategy in consultation with EPA to make sure that both States are lumped in with numerous other States and that only they have a say in the schedule on which EPA must act on state plans and which court oversees and enforces that schedule. Rather than seek a settlement with EPA like in years past, Plaintiffs have filed a Motion For Summary Judgment and expressly attempted to make it difficult for PacifiCorp and any other intervenors to respond, despite the pending motions for intervention and stay of their duplicative, subsequently filed claims. Indeed, Plaintiffs and EPA never alerted the Court to the existence of PacifiCorp's previously filed claims, despite an apparent duty to do so. *See* Local Rule 40.5. Plaintiffs have also opposed PacifiCorp's intervention in this case unless they agree to forgo any venue challenges related to their prior filed claims, filed this early pre-answer Motion For Summary Judgment, and explicitly did not grant PacifiCorp the same extension to respond they granted EPA, despite PacifiCorp's pending intervention request. Despite all of Plaintiffs' maneuvering, in this timely filed response, PacifiCorp opposes the Motion For Summary Judgment and asks the court to first act on its Motion To Intervene and Motion To Stay before deciding the case.

## BACKGROUND

### A.    Legal And Regulatory Background

Under the Clean Air Act, States must adopt state implementation plans or "SIPs" to establish how the State will meet federal air quality requirements.  42 U.S.C. § 7410(a)(1).  Once a State submits a SIP to EPA, the agency must, within six months of submission, determine whether the SIP submission is complete.  *Id.* § 7410(k)(1)(B).  Failure to do so renders the SIP complete by operation of law after six months.  *Id.*  Thereafter, EPA must act on the SIP submission within 12 months. *Id.* § 7410(k)(2).  Indeed, Section 7410(k)(2) imposes a nondiscretionary duty on EPA to act on a SIP within 12 months of completeness.  *Id.*  If EPA fails to perform that nondiscretionary duty, the Clean Air Act authorizes "any person," including corporations, to bring suit to compel EPA to perform.  *Id.* §§ 7602(e), 7604(a)(2).

One such SIP requirement arises under the Clean Air Act's visibility program, which requires States to develop SIPs that address regional haze.  *Id.* §§ 7491(a)–(b), 7492(e)(2).  Under this program, States must submit SIPs with "emission limits, schedules of compliance and other measures as may be necessary to make reasonable progress toward meeting the national goal" of natural visibility in national parks and wilderness areas, for which EPA has set a deadline of 2064.  40 C.F.R. §§ 51.300(a), 308(d); 42 U.S.C. § 7491(b)(2).  EPA's regional haze regulations divide the visibility program into ten-year implementation periods, 40 C.F.R. § 51.308(f), with each subsequent implementation period requiring a revised SIP updating progress goals and emissions limitations that builds off the preceding SIPs, 40 C.F.R. § 51.308(d).

The second regional haze implementation period began in 2018, but prior delays by EPA in acting on the original regional haze SIPs required EPA to postpone the deadline for submission of the second SIPs by three years. *Visibility*, EPA.gov (May 23, 2022);[2] Answer ¶ 30, *Nat'l Parks Conservation Ass'n v. EPA*, No. 3:22-cv-2302 (N.D. Cal. June 16, 2022); *see also* Protection of Visibility: Amendments to Requirements for State Plans, Final Rule, 82 Fed. Reg. 3078, 3,116–18 (Jan. 10, 2017).

### B.    Factual And Procedural Background

#### 1.    EPA Fails To Take Action On The Utah And Wyoming SIPs

Consistent with these requirements, the States of Utah and Wyoming each submitted second implementation period regional haze SIPs to EPA, but EPA failed to timely act on either submission.  Utah submitted its SIP on August 2, 2022, and Wyoming submitted its SIP on August 10, 2022.  On August 23, 2022, EPA determined that both SIPs were complete, thereby obligating EPA to act on the SIPs by August 23, 2023, one year from the agency's completeness determination.  However, EPA did not act on either SIP by August 23, 2023, and still has not done so.

---

[2] Available at https://web.archive.org/web/20220523184510/https://www.epa.gov/visibility (last checked Jan. 3, 2024).

  
2.  **PacifiCorp Challenges EPA's Failure To Act On The Utah And Wyoming SIPs In The Districts Of Utah And Wyoming, And Plaintiffs Later File Identical Claims Here**

PacifiCorp is an electric utility company operating extensively in Wyoming, Utah, Idaho, Oregon, Washington, and California.  Approximately 1.2 million of its customers live in Utah and Wyoming, and several of its electric generation plants are located there.  Given these facts, PacifiCorp must comply with the Clean Air Act and implementing regulations, including the visibility program's regional haze provisions pertaining to the States where it operates.  42 U.S.C. § 7491(b)(2), (g)(7).  PacifiCorp depends on timely action on SIP submittals to guide its operations, and delays related to SIP submittals interfere with PacifiCorp's ability to complete the extensive planning needed to ensure sufficient and reliable generating resources are available for its customers.

To that end, on August 24, 2023, PacifiCorp provided EPA with written notice, by email and certified U.S. Mail, of PacifiCorp's intent to file suit to remedy EPA's failure to act on Utah's and Wyoming's regional haze SIPs.  *See* 40 C.F.R. §§ 54.2(a), (d), 54.3(a); 42 U.S.C. § 7604(b)(2).  PacifiCorp then filed suit against EPA in the District of Utah on October 24, 2023, *see* Compl., *PacifiCorp v. EPA*, No.2:23-cv-00771 (D. Utah Oct. 24, 2023), and in the District of Wyoming on October 26, 2023, *see* Compl., *PacifiCorp v. EPA*, No.2:23-cv-00200 (D. Wyo. Oct. 26, 2023), under the Clean Air Act's citizen suit provision, 42 U.S.C. § 7604(a)(2), alleging that EPA failed to perform a nondiscretionary duty under the Clean Air Act.  PacifiCorp requested that the Utah and Wyoming district courts declare that EPA violated and continues to

violate the Clean Air Act by failing to act on Utah's and Wyoming's regional haze SIPs and compel EPA to take action on those SIPs, while retaining jurisdiction over these matters until EPA complies with its nondiscretionary duties.  Both States filed their own challenges to EPA's failure to approve or disapprove their updated SIPs in the same state federal district courts.  *See Utah v. EPA*, No.2:23-cv-00827 (D. Utah Nov. 13, 2023); *Wyoming v. EPA*, No.1:23-cv-00198 (D. Wyo. Oct 24, 2023).

Plaintiffs filed their initial complaint here on June 15, 2023, challenging EPA's failure to act on the SIPs for just seven States:  Kansas, Massachusetts, New York, Ohio, Texas, Wisconsin, and Michigan.  Dkt.1.  The earliest filing dates for these challenges are mandated by the Clean Air Act.  42 U.S.C. § 7604(b)(1)(A), (b)(2). Plaintiffs were therefore barred by the Clean Air Act from filing a complaint challenging EPA's failures as to Utah and Wyoming at this time.  Nearly five months later, on November 10, 2023, after PacifiCorp filed its suits in Wyoming and Utah, Plaintiffs amended their initial complaint in this action to add 27 new claims challenging EPA's failure to act on additional States' regional haze SIPs—notably including, for the first time, challenges to EPA's failure to act on Utah's and Wyoming's SIPs.  Dkt.15 ¶¶ 35–115.  These after-filed claims are identical to those brought by PacifiCorp in its earlier-filed lawsuits in the federal district courts in Utah and Wyoming.

To protect its interests in those previously filed challenges to EPA's inaction on the Utah and Wyoming regional haze SIPs, PacifiCorp filed a Motion To Intervene in this Court on November 27, 2023, only 17 days after Plaintiffs filed their Amended

Complaint first implicating PacifiCorp's Utah and Wyoming lawsuits. *Compare* Dkt.17, *with* Dkt.15.   In that Motion To Intervene, filed soon after Plaintiff's Amended Complaint, PacifiCorp noted that neither Plaintiffs nor EPA had advised this Court about PacifiCorp's earlier filed suits, Dkt.17-1 at 10 n.4, and explained that it maintained a significant interest in the outcome of this litigation, given these earlier filed lawsuits, *id.* at 10–15.   PacifiCorp also explained its equitable right to be heard in the venue of its choosing, based on having been the first to file a challenge to EPA's failure to approve or disapprove Utah's and Wyoming's regional haze SIPs. *Id.* at 10–15.

Consistent with these particular interests, PacifiCorp, along with its Motion To Intervene, also filed a proposed Motion To Stay the claims in Plaintiffs' Amended Complaint related to Utah and Wyoming, Dkt.17-4, explaining to the Court that it should stay this litigation in relation to the Utah and Wyoming SIPs. Dkt.17-5 at 7–12.  Because Plaintiffs' challenge to EPA's failure to act on those SIPs was filed after PacifiCorp's claims, PacifiCorp requested this Court to halt action on the Utah and Wyoming claims and allow PacifiCorp's first-filed challenges to proceed apace. *Id.* Plaintiffs responded to PacifiCorp's Motion To Intervene on December 11, 2023, arguing that this Court should grant such intervention only if it also concludes that PacifiCorp "does *not* have a protectable interest in litigating this dispute in the venue of its choice." Dkt.19 at 3 (emphasis in original).  Plaintiffs thus signaled their intent to deprive PacifiCorp of the ability to continue to litigate its challenges to EPA's

actions pertaining to Utah and Wyoming in the regional district courts where PacifiCorp filed first.

Then, on December 20, 2023, Plaintiffs filed a Motion For Summary Judgment, seeking to quickly resolve this litigation and impose on all 34 States a universal one-year deadline from the date of filing Plaintiff's Motion For Summary Judgment. *See* Dkt.22. Thus, Plaintiffs continue to seek to lump Utah's and Wyoming's SIPs in with 32 other State to litigate the exact claims PacifiCorp raised in its first-filed litigation in the discrete regional district courts in Utah and Wyoming.

## ARGUMENT

Although PacifiCorp agrees with Plaintiffs that EPA violated its nondiscretionary duty to approve or disapprove the States' regional haze SIPs within the Clean Air Act's deadlines, various considerations caution against this Court overseeing the resolution of the claims as to Utah and Wyoming when PacifiCorp has already pressed similar claims in local district courts for those States. Allowing those local courts to oversee the claims for those two States, which include facts unique to each State, will allow consideration of unique, state-specific complications relevant to the remedial timeline for EPA to consider the SIPs. *See* Dkt.17-5 at 9–11. For example, as explained below, EPA has not yet resolved key issues for Wyoming's first round regional haze SIP that will impact the timing and outcome of its delayed review of the second round SIP that Plaintiffs have challenged before this Court. These unique considerations are exactly why PacifiCorp previously filed individual challenges to EPA's derelication of duty as to Utah and Wyoming in regional district

courts in those respective States.  Those courts—which are more familiar with the local area and particular concerns relevant in those communities—could adequately address these unique considerations in crafting appropriate relief.  Consistent with these concerns, PacifiCorp raises the following points in opposition to Plaintiffs' Motion For Summary Judgment, limited to their claims related to Utah and Wyoming.

*First*, Plaintiffs' Motion For Summary Judgment is nothing more than another unfair attempt to jump the line and deprive PacifiCorp of its chosen venue as the first filer.  Plaintiffs filed their Amended Complaint on November 10, 2023, adding claims against EPA related to its treatment of Utah's and Wyoming's SIPs, nowhere acknowledging that PacifiCorp had previously filed suit challenging this *exact* failure of EPA to act, *see* Dkt.15, despite the fact that both Plaintiffs and EPA seemingly have a duty to "immediately notify, in writing," this Court as soon as they "bec[a]me[ ] aware of the existence of" PacifiCorp's "related case[s]," *see* Local Rule 40.5(b)(2)–(3).  Then, when PacifiCorp attempted to intervene in this lawsuit to protect its interests in this litigation, Plaintiffs specifically argued that such intervention was only proper if the Court deprived PacifiCorp of any right to defend those interests.  Dkt.19 at 3.

Now Plaintiffs have filed a pre-answer Motion For Summary Judgment, seeking to have this Court fully resolve the claims against EPA, even before EPA has a chance to respond to the Amended Complaint.  *See* Dkt.Nov.15, 2023 Minute Order.  Indeed, Plaintiffs specifically "d[id] not oppose [EPA's] requested extension" of time to "January 9, 2024, to answer or otherwise respond to Plaintiffs' Amended

Complaint." Dkt.16 at 2.  Given Plaintiffs' prior non-opposition to EPA's requested extension to answer the Amended Complaint, their subsequent filing of this pre-answer (and pre-resolution of PacifiCorp's motions to intervene and stay) Motion For Summary Judgment amounts to nothing more than an additional maneuver to deprive PacifiCorp of its day in court.  Indeed, Plaintiffs removed any possible debate on their intentions in taking their position on EPA's Motion For Extension Of Time To Respond To Plaintiffs' Motion For Summary Judgment, consenting to that extension *only* for EPA, but explicitly offering no such extension "to any intervenors." *See* Dkt.23 at 2 n.2.  In other words, Plaintiffs clearly wish to resolve this case as quickly as possible and without PacifiCorp's involvement.   However, given PacifiCorp's pending motions to intervene and for stay, this Court should not sanction Plaintiffs' effort to rush this proceeding while denying PacifiCorp, as well as the States of Utah and Wyoming, a proper hearing of the prior-filed claims.

*Second*, the Court should stay any consideration of Plaintiffs' summary judgment request pertaining to Utah and Wyoming under its equitable authority, allowing those claims to proceed in the regional district courts where PacifiCorp previously filed claims, as PacifiCorp argued more fully in its Motion To Stay (filed with its Motion To Intervene).  *See* Dkts.17-4, 17-5.  As PacifiCorp explained, this Court maintains full authority to "stay [these] proceedings" limited to the Utah and Wyoming claims in the interest of "economy of time and effort for itself, for counsel, and for litigants," *Bledsoe v. Crowley*, 849 F.2d 639, 645 (D.C. Cir. 1988) (citation omitted), "pending the resolution of [the] independent proceedings" in the district

courts in Utah and Wyoming, *Marsh v. Johnson*, 263 F. Supp. 2d 49, 52 (D.D.C. 2003), which present identical issues to those raised here, *see, e.g.*, *Fairview Hosp. v. Leavitt*, 2007 WL 1521233, at *1 (D.D.C. May 22, 2007),  in order to "avoid duplicative litigation," *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), as well as for "comity" with those other federal courts, *Wash. Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980).  It is undeniable that PacifiCorp first filed its challenge to EPA's failure to approve or disapprove Utah's and Wyoming's regional haze SIPs, and that Plaintiffs' subsequent filing of their Amended Complaint raised new-to-this-case, identical challenges to EPA's failure to approve or disapprove Utah's and Wyoming's SIPs.  *See* Dkt.17-5 at 7–12.  Thus, interests of comity with these other federal courts, and efficiency for both the courts and parties strongly support a stay of the Utah and Wyoming claims in this litigation.

And even beyond these interests of comity and efficiency, this Court should stay its consideration of the Utah and Wyoming claims pending resolution of the identical claims in the regional district courts, which have greater knowledge and experience with those regions.  Under the Clean Air Act, each State has broad authority to craft its SIP, requiring EPA's review of each SIP submission on its own merits and taking into account local concerns.  *See* 42 U.S.C. § 7410(k)(3); *Wyoming v. EPA*, 78 F.4th 1171, 1180–81 (10th Cir. 2023).  The local district courts in Utah and Wyoming have a greater connection to those States and so are better suited to oversee the parties' resolution of the unique circumstances relevant to EPA's obligation to act on each individual SIP and the appropriate timeframe for doing so,

consistent with the cooperative federalism framework undergirding the Clean Air Act.  *Michigan v. EPA*, 268 F.3d 1075, 1083 (D.C. Cir. 2001).  So, for this additional reason, a stay of Plaintiffs' Utah and Wyoming claims in this Court, rather than their resolution here, in this second-in-line lawsuit, is the proper course of action.

*Finally*, and related to the regional district courts' greater familiarity with issues affecting Utah and Wyoming, particular concerns related to regional haze in Utah and Wyoming caution in favor of a stay, and render impracticable Plaintiffs' proposed universal one-year deadline for EPA's consideration of the various regional haze SIPs in those States.  For example, significant issues remain with respect to the first-round regional haze requirements applicable to two Wyoming electric generating facilities—Wyodak and Jim Bridger—that EPA, the State, and PacifiCorp (as owner and operator of those facilities) have yet to resolve.  For both Wyodak and Jim Bridger, EPA currently has outstanding first-round Wyoming SIPs before it with review and approval or disapproval obligations.  Without the legally mandated resolution of the original regional haze plan requirements for those facilities, the baseline that must be used to evaluate the second round regional haze plans now under review is too uncertain for reasonable action.

Therefore, to approve the second-round plans, EPA must first finalize its actions on the first-round plans, and acting on both in sequence—as contemplated by the Clean Air Act and EPA's own regulations—will take more time than just acting on a single plan.  To account for these and other local idiosyncrasies, of which EPA and Plaintiffs are clearly unmindful, this Court should partially deny Plaintiffs'

Motion For Summary Judgment as to Wyoming and Utah until the Court can act on the pending motions to intervene and stay those claims.

## CONCLUSION

This Court should partially deny Plaintiffs' Motion For Summary Judgment solely with respect to the Utah and Wyoming claims (Plaintiffs' Claims 31 and 34), challenging EPA's failure to take action on the Utah and Wyoming second implementation period regional haze SIPs, pending a decision on PacifiCorp's Motion To Intervene and Motion To Stay.

Dated: January 3, 2024

Respectfully submitted,

s/ Hilary S. Cairnie

MISHA TSEYTLIN*
Bar Number: 1991031
TROUTMAN PEPPER
HAMILTON SANDERS LLP
227 W. Monroe Street, Ste. 3900
Chicago, IL 60606
(608) 999-1240
(312) 759-1939 (fax)
misha.tseytlin@troutman.com

HILARY S. CAIRNIE
Bar Number: 454912
TROUTMAN PEPPER
HAMILTON SANDERS LLP
401 9th Street, N.W., Ste. 1000
Washington, DC 20004
(202) 220-1207
(202) 274-2994 (fax)
hilary.cairnie@troutman.com

*Application for admission pending

Counsel for Proposed Intervenor Plaintiff PacifiCorp

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of January, 2024, a true and accurate copy

of the foregoing was served via the Court's CM/ECF system upon all counsel of record.

<u>s/ Hilary S. Cairnie</u>
HILARY S. CAIRNIE
Bar Number: 454912
TROUTMAN PEPPER
HAMILTON SANDERS LLP
401 9th Street, N.W., Ste. 1000
Washington, DC 20004
(202) 220-1207
(202) 274-2994 (fax)
hilary.cairnie@troutman.com