**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SIERRA CLUB, NATIONAL PARKS
CONSERVATION ASSOCIATION, *and*
ENVIRONMENTAL INTEGRITY PROJECT,

       *Plaintiffs,*

       *v.*

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, *and* MICHAEL S.
REGAN, *in his official capacity as
Administrator of the U.S. Environmental
Protection Agency,*

       *Defendants.*

Case No.
1:23-cv-01744-JDB

---

**PACIFICORP'S MEMORANDUM IN SUPPORT OF ITS MOTION TO
STAY THE UTAH AND WYOMING CLAIMS**

---

MISHA TSEYTLIN*
Bar Number: 1991031
TROUTMAN PEPPER
HAMILTON SANDERS LLP
227 W. Monroe Street, Ste. 3900
Chicago, IL 60606
(608) 999-1240
(312) 759-1939 (fax)
misha.tseytlin@troutman.com

HILARY S. CAIRNIE
Bar Number: 454912
TROUTMAN PEPPER
HAMILTON SANDERS LLP
401 9th Street, N.W., Ste. 1000
Washington, DC 20006
(202) 220-1207
(202) 220-1465 (fax)
hilary.cairnie@troutman.com

*\*Renewal of admission pending*

*Counsel for Intervenor Plaintiff PacifiCorp*

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................. 1

BACKGROUND .................................................................................................. 2

    A.  Legal And Regulatory Background ............................................................. 2

    B.  Factual And Procedural Background ........................................................... 4

        1.  EPA Fails To Take Action On The Utah And Wyoming SIPs ................ 4

        2.  PacifiCorp Challenges EPA's Failure To Act On The Utah And Wyoming SIPs In The Districts Of Utah And Wyoming, And Plaintiffs Later File Identical Claims Here ........................................... 5

ARGUMENT ....................................................................................................... 7

   I.  This Court Should Stay The Duplicative Utah And Wyoming Claims Here Pending Resolution Of The First-Filed Utah And Wyoming Litigations ................................................................................................. 7

CONCLUSION ................................................................................................... 12

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Belize Social Dev. Ltd. v. Gov't of Belize*,
    668 F.3d 724 (D.C. Cir. 2012) ................................................................................ 8

*Bledsoe v. Crowley*,
    849 F.2d 639 (D.C. Cir. 1988) ................................................................................ 8

*Colo. River Water Conservation Dist. v. United States*,
    424 U.S. 800 (1976) ................................................................................................ 8

*Comm. for a Better Arvin v. EPA*,
    786 F.3d 1169 (9th Cir. 2015) .............................................................................. 11

*Fairview Hosp. v. Leavitt*,
    2007 WL 1521233 (D.D.C. 2007) .......................................................................... 9

*Handy v. Shaw, Bransford, Veilleux & Roth*,
    325 F.3d 346 (D.C. Cir. 2003) ......................................................................... 8, 10

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) ................................................................................................ 8

*Leyva v. Certified Grocers of Cal., Ltd.*,
    593 F.2d 857 (9th Cir. 1979) .................................................................................. 8

*Luminant Gen. Co. v. EPA*,
    714 F.3d 841 (5th Cir. 2013) ................................................................................ 10

*Marsh v. Johnson*,
    263 F. Supp. 2d 49 (D.C. Cir. 1970) ..................................................................... 8

*Michigan v. EPA*,
    268 F.3d 1075 (D.C. Cir. 2001) .......................................................................... 11

*Novenergia II – Energy & Env't (SCA) v. Kingdom of Spain*,
    2020 WL 417794 (D.D.C. Jan. 27, 2020) ........................................................... 10

*Texas v. EPA*,
    2023 WL 7204840 (5th Cir. May 1, 2023) ......................................................... 10

*Vallejo Ent. LLC v. Small Business Admin.*,
    2023 WL 3275634 (D.D.C. May 5, 2023) ............................................................ 9

*Wash. Metro. Area Transit Auth. v. Ragonese*,
    617 F.2d 828 (D.C. Cir. 1980) ...................................................................... 8, 9, 10

*Wyoming v. EPA*,
    78 F.4th 1171 (10th Cir. 2023) ............................................................................ 11

**Statutes And Rules**

42 U.S.C. § 7410..................................................................................... 2, 6, 9, 11

42 U.S.C. § 7491....................................................................................... 2, 3, 5

42 U.S.C. § 7492............................................................................................... 2

42 U.S.C. § 7602............................................................................................... 2

42 U.S.C. § 7604......................................................................................... 1, 2, 6

**Regulations**

40 C.F.R. § 308.................................................................................................. 3

40 C.F.R. § 51.300.............................................................................................. 3

40 C.F.R. § 51.301.............................................................................................. 2

40 C.F.R. § 51.308.............................................................................................. 3

40 C.F.R. § 54.2.................................................................................................. 6

40 C.F.R. § 54.3.................................................................................................. 6

Protection of Visibility: Amendments to Requirements for State Plans, Final
    Rule, 82 Fed. Reg. 3078 (Jan. 10, 2017)......................................................... 3

**Other Authorities**

*Visibility*, EPA.gov (May 23, 2022) .............................................................. 3

**INTRODUCTION**

In late October 2023, Intervenor Plaintiff PacifiCorp filed two separate federal lawsuits against EPA,[1] each seeking to challenge EPA's failure to act by its statutory deadline on two state implementation plans (SIP).  On October 24, 2023, PacifiCorp filed suit against EPA in the District of Utah under 42 U.S.C. § 7604(a)(2), challenging EPA's failure to act on Utah's SIP (the "Utah Litigation").  And on October 26, 2023, PacifiCorp filed suit against EPA in the District of Wyoming under that same statute, challenging EPA's failure to act on Wyoming's SIP (the "Wyoming Litigation").  Although PacifiCorp's claims remain pending before those district courts,[2] on November 10, 2023, Plaintiffs amended their complaint in this Section 7604(a)(2) action to bring the very same claims that PacifiCorp is currently pursuing against EPA in the Districts of Utah and Wyoming.

PacifiCorp's Utah and Wyoming Litigations and Plaintiffs' Utah and Wyoming claims here involve the same issues, and there is no reason for these identical claims to proceed in parallel—especially when the regional federal courts for Utah and Wyoming are the most appropriate courts to hear these Utah- and Wyoming-specific claims.  To avoid wasting the time and resources of the courts and the parties,

---

[1] "EPA" refers to the U.S. Environmental Protection Agency and its Administrator.

[2] The State of Utah filed a challenge to EPA's failure to take final action on Utah's regional haze SIP in the District of Utah on November 13, 2023, *see Utah v. EPA*, No.2:23-cv-00827 (D. Utah Nov. 13, 2023), and the State of Wyoming filed a challenge to EPA's failure to take final action on Wyoming's regional haze SIP in the District of Wyoming on October 24, 2023, *see Wyoming v. EPA*, No.1:23-cv-00198 (D. Wyo. Oct. 24, 2023).

PacifiCorp respectfully requests that this Court stay the Utah and Wyoming claims in this action pending resolution of the first-filed Utah and Wyoming Litigations.

## BACKGROUND

### A.   Legal And Regulatory Background

Pursuant to the Clean Air Act, States must adopt SIPs and set requirements for how the State will meet federal air quality requirements.  42 U.S.C. § 7410(a)(1). Once a State has developed a SIP and submitted it to EPA, the agency has mandatory deadlines for reviewing and acting on that SIP.  First, within six months of submission, EPA must determine whether the SIP submission is complete.  *Id.* § 7410(k)(1)(B).  If EPA fails to determine completeness within six months of the State's SIP submission, the SIP is deemed complete by operation of law.  *Id.*  EPA then must act on the SIP submission within 12 months of completeness, either as determined by EPA or by operation of law.  *Id.* § 7410(k)(2).

EPA must approve a SIP that satisfies Clean Air Act requirements, *id.* § 7410(k)(3), and Section 7410(k)(2) imposes a nondiscretionary duty on EPA to act on a SIP within 12 months of completeness, *id.* § 7410(k)(2).  If EPA fails to perform that nondiscretionary duty, the Clean Air Act authorizes "any person" to bring suit to compel EPA to perform.  *Id.* § 7604(a)(2).  The Clean Air Act defines the term "person" to include corporations.  *Id.* § 7602(e).

The Clean Air Act's visibility program requires States to develop SIPs that address regional haze to protect visibility.  *Id.* §§ 7491(a)(1), 7492.  By regulation, EPA defines regional haze as "visibility impairment that is caused by the emission of

air pollutants from numerous anthropogenic sources located over a wide geographic area." 40 C.F.R. § 51.301.  Pursuant to the visibility program, States must submit a SIP with "emission limits, schedules of compliance and other measures as may be necessary to make reasonable progress toward meeting the national goal" of natural visibility in Class I areas by 2064.   40 C.F.R. §§ 51.300(a), 308(d); 42 U.S.C. § 7491(b)(2); 40 C.F.R. § 51.308(d)(1)(i)(B).   The Clean Air Act divides the visibility program into implementation periods.   42 U.S.C. § 7491(b)(2)(B); 40 C.F.R. § 51.308(f).   For each subsequent implementation period, a State must submit a revised SIP with updated progress goals and emissions limitations, among other elements.  40 C.F.R. § 51.308(d).  The second implementation period began in 2018, but, due to prior delays in implementing the regional haze program, EPA postponed the deadline for submission of regional haze SIPs for the second planning period until August 15, 2022.   *Visibility*, EPA.gov (May 23, 2022) ("States wishing to avoid inclusion in the Findings of Failure to Submit should submit their second planning period SIPs by August 15, 2022.");[3] Answer ¶ 30, *Nat'l Parks Conservation Ass'n v. EPA*, No. 3:22-cv-2302 (N.D. Cal. June 16, 2022); *see also* Protection of Visibility: Amendments to Requirements for State Plans, Final Rule, 82 Fed. Reg. 3078 (Jan. 10, 2017).

---

[3] Available at https://web.archive.org/web/20220523184510/https://www.epa.gov/visibility (last checked Nov. 27, 2023).

**B.      Factual And Procedural Background**

**1.      EPA Fails To Take Action On The Utah And Wyoming SIPs**

The States of Utah and Wyoming each have submitted second implementation period regional haze SIPs to EPA, and the agency has failed to timely act on both submissions.  Utah submitted its second implementation period regional haze SIP to EPA on August 2, 2022.  That same month, on August 23, 2022, EPA issued a letter to the Utah Department of Environmental Quality, Division of Air Quality, stating that Utah's second implementation period regional haze SIP was complete.  EPA thus had until August 23, 2023, one year from the date of its completeness determination, to act on Utah's SIP.  EPA did not act on Utah's second implementation period regional haze SIP by that date and still has not acted on Utah's second implementation period regional haze SIP.

Similarly, Wyoming submitted a second implementation period regional haze SIP to EPA on August 10, 2022.  EPA issued a letter to the Wyoming Department of Environmental Quality on August 23, 2022, stating that Wyoming's second implementation period regional haze SIP was complete.  So, EPA was required to act on Wyoming's SIP by August 23, 2023, one year from the agency's completeness determination.  EPA did not act on Wyoming's second implementation period regional haze SIP by August 23, 2023, and still has still not acted on Wyoming's second implementation period regional haze SIP.

### 2. PacifiCorp Challenges EPA's Failure To Act On The Utah And Wyoming SIPs In The Districts Of Utah And Wyoming, And Plaintiffs Later File Identical Claims Here

PacifiCorp is an electric utility company that serves over two million customers in Wyoming, Utah, Idaho, Oregon, Washington, and California. Approximately one million of those customers live in Utah and another 144,000 in Wyoming. PacifiCorp's utility system can generate approximately 16,000 megawatts of capacity from existing resources, and its fleet of coal-fired and natural gas plants make up approximately two-thirds of the firm capacity available in the entire system. Several of these thermal generating units, which provide essential power generation for PacifiCorp's system, are located in Utah and Wyoming, and PacifiCorp thus has significant interests in Utah and Wyoming, where over half of its customers reside and where a significant portion of its thermal generating units are located.

As an electric utility company, PacifiCorp is obligated to comply with federal environmental statutes, including the Clean Air Act. Pursuant to the Clean Air Act, PacifiCorp's facilities must satisfy the visibility program's regional haze provisions. 42 U.S.C. § 7491(b)(2), (g)(7). To plan its operations in compliance with those provisions, PacifiCorp depends on timely action on SIP submittals, and any delay related to the SIP submittals interferes with PacifiCorp's need to ensure that sufficient generating resources are available to serve its customers.

In light of EPA's failure to timely act on the Utah and Wyoming SIPs, on August 24, 2023, PacifiCorp provided EPA with written notice, by email and certified U.S. Mail, of PacifiCorp's intent to file suit to remedy EPA's failure to act on Utah's

and Wyoming's regional haze SIPs.  EPA regulations provide that notice "shall be deemed given on the postmark date, if served by mail."   40 C.F.R. § 54.2(d). Accordingly, PacifiCorp provided notice pursuant to 42 U.S.C. § 7604(b)(2) and 40 C.F.R. §§ 54.2(a), 54.3(a).

On October 24, 2023, PacifiCorp filed suit against EPA in the District of Utah, *see* Compl., *PacifiCorp v. EPA*, No.2:23-cv-00771 (D. Utah Oct. 24, 2023), and on October 26, 2023, PacifiCorp filed suit against EPA in the District of Wyoming, *see* Compl., *PacifiCorp v. EPA*, No.2:23-cv-00200 (D. Wyo. Oct. 26, 2023).  PacifiCorp filed both lawsuits under the Clean Air Act's citizen suit provision, 42 U.S.C. § 7604(a)(2), alleging that EPA failed to perform a nondiscretionary duty under the Clean Air Act. Specifically, PacifiCorp alleged that EPA violated and continues to violate its mandatory duty under 42 U.S.C. § 7410(k)(2), because despite determining that the Utah and Wyoming SIPs were complete on August 23, 2022, *id.* § 7410(k)(1)(B), EPA failed to take any action on either SIP as required by the Act, *id.* § 7410(k)(2).  Given this inaction, PacifiCorp requested that the district courts in Utah and Wyoming issue declarations that EPA violated and continues to violate the Clean Air Act by failing to act on Utah's and Wyoming's regional haze SIPs, along with orders compelling EPA to take action on those SIPs.  PacifiCorp further requested that the district courts retain jurisdiction over these matters until EPA complies with its nondiscretionary duties.

On June 15, 2023, Plaintiffs filed their initial complaint here, challenging EPA's failure to act on Kansas', Massachusetts', New York's, Ohio's, Texas',

Wisconsin's, and Michigan's SIPs.  Dkt.1.  Nearly five months later, on November 10, 2023, Plaintiffs amended their initial complaint, adding 27 new claims challenging EPA's failure to act on additional States' regional haze SIPs.  Dkt.15 ¶¶ 35–115.  In two of these new claims, Plaintiffs now challenge EPA's failure to take final action on Utah's and Wyoming's regional haze SIPs, Dkt.15 ¶¶ 104–06, 113–15 (Claims 31 and 34), which claims are identical to those brought by PacifiCorp in its earlier-filed lawsuits in the Districts of Utah and Wyoming.  Because of the Clean Air Act procedural timelines, Plaintiffs could not have added these claims to their June 15, 2023, filing.

## ARGUMENT

**I.     This Court Should Stay The Duplicative Utah And Wyoming Claims Here Pending Resolution Of The First-Filed Utah And Wyoming Litigations**

Because the claims that PacifiCorp asserts in the Utah and Wyoming Litigations are identical to the Utah and Wyoming claims that Plaintiffs later amended to their pleading, this Court should exercise its discretion to stay the Utah and Wyoming amended claims alleged in this action pending resolution of the Utah and Wyoming Litigations.  Any other result would encourage duplicative litigation, waste the resources of the parties and the courts, undermine first-filed principles, and potentially deprive the Utah and Wyoming district courts from hearing state-specific claims that are most appropriately heard in regional forums.

A court's power to "stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and

effort for itself, for counsel, and for litigants." *Bledsoe v. Crowley*, 849 F.2d 639, 645 (D.C. Cir. 1988) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).  District courts thus have broad authority to stay a case "in an action pending the resolution of independent proceedings." *Marsh v. Johnson*, 263 F. Supp. 2d 49, 52 (D.C. Cir. 1970); *see Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").  To decide whether a stay is appropriate, courts "'weigh [the] competing interests and maintain an even balance' between the court's interests in judicial economy and any possible hardship to the parties." *Belize Social Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732–33 (D.C. Cir. 2012) (citation omitted) (quoting *Landis*, 299 U.S. at 254–55).

In assessing a motion to stay, courts follow the "general principle" of "avoid[ing] duplicative litigation." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  If "parallel cases involve the same subject matter, the district court should—for judicial economy—resolve both suits in a single forum." *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 350 (D.C. Cir. 2003).  Further, the interests of "comity" and the "orderly administration of justice dictate that two courts of equal authority should not hear the same case simultaneously." *Wash. Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980).  Courts thus regularly stay later-filed proceedings in favor of a first-filed claim, when the issues presented and the parties involved in the first-filed action are essentially

the same.  *See, e.g.*, *Fairview Hosp. v. Leavitt*, 2007 WL 1521233, at \*1 (D.D.C. 2007)
(stay "foster[ed] efficiency and conservation of resources" where litigation "raise[d]
nearly identical issues as those currently briefed and pending" in a separate case);
*Vallejo Ent. LLC v. Small Business Admin.*, 2023 WL 3275634, at \*1 (D.D.C. May 5,
2023) (stay was appropriate to "conserve significant judicial and party resources that
would otherwise be needed to brief the issues").

Here, interests of "comity" and the "orderly administration of justice" require
a stay of the duplicative claims in this lawsuit.  *Ragonese*, 617 F.2d at 830.  The Utah
and Wyoming claims at issue here are identical to the claims brought by PacifiCorp
in its earlier-filed actions in other district courts.  Specifically, in the Utah and
Wyoming Litigations, PacifiCorp alleges that EPA violated its mandatory duty to
fully or partially approve or disapprove Utah's and Wyoming's regional haze SIPs
within the 12-month deadline, which deadline is state-specific, depending on the date
the States submit their SIPs and when EPA finds those SIPs complete.  The deadline
for both States expired on August 23, 2023.  Compl. ¶¶ 39–45, *PacifiCorp*, No.2:23-
cv-00771 (citing 42 U.S.C. § 7410(k)); Compl. ¶¶ 40–46, *PacifiCorp v. EPA*, No.2:23-
cv-00200 (same).  This matter now involves the same claims for these individual
States, alleging that EPA's failure to act on Utah's and Wyoming's SIPs violates a
nondiscretionary duty under the Clean Air Act, Dkt.15 ¶¶ 104–06, 113–15 (citing 42
U.S.C. § 7410(k)).[4]  The remedy Plaintiffs seek here mirrors the relief PacifiCorp has

---

[4] Upon reviewing the docket in this case, it appears that neither Plaintiffs nor
Defendants have ever alerted this Court to PacifiCorp's earlier-filed litigation in the
Districts of Utah and Wyoming.

already requested from other district courts. *Compare* Dkt.15 at 25–26, *with* Compl. at 8–9, *PacifiCorp*, No.2:23-cv-00771, *and* Compl. at 8–9, *PacifiCorp*, No.2:23-cv-00200. And PacifiCorp's earlier-filed actions name the very same defendants as Plaintiffs here—EPA and the Administrator. *Compare* Dkt.15 ¶¶ 4–8, *with* Compl. ¶¶ 11–12, *PacifiCorp*, No.2:23-cv-00771, *and* Compl. ¶¶ 11–13, *PacifiCorp*, No.2:23-cv-00200. As such, a stay of the duplicative claims in this lawsuit would further the interests of "judicial economy," "comity," and "justice," *Novenergia II – Energy & Env't (SCA) v. Kingdom of Spain*, 2020 WL 417794, at *3 (D.D.C. Jan. 27, 2020), and ensure a fair result for all interested parties, *see Ragonese*, 617 F.2d at 830. Any other result would conflict with the D.C. Circuit's "first-filed" principle, which, though not "mechanical[ly]" applied, *Handy*, 325 F.3d at 350 (citation omitted), nevertheless supports granting a stay here, where PacifiCorp filed the Utah and Wyoming Litigations before Plaintiffs amended their complaint to add the Utah and Wyoming claims.

In addition to avoiding duplicative litigation, this Court should stay the Utah and Wyoming claims here so those claims can proceed before the regional federal courts that are most connected to the Utah and Wyoming SIPs at issue. The Clean Air Act's "cooperative federalism" construct, *Michigan v. EPA*, 268 F.3d 1075, 1083 (D.C. Cir. 2001), gives States broad authority to formulate their SIPs and confines EPA to a reviewing role, 42 U.S.C. § 7410)k)(3); *see also Texas v. EPA*, 2023 WL 7204840, at *6 (5th Cir. May 1, 2023) (quoting *Luminant Gen. Co. v. EPA*, 714 F.3d 841, 845–46 (5th Cir. 2013)); *Comm. for a Better Arvin v. EPA*, 786 F.3d 1169, 1173

(9th Cir. 2015) (the Clean Air Act "establish[es] a uniquely important system of cooperative federalism in the quest for clean air," making "the States and the Federal Government partners in the struggle against air pollution" (citation omitted)). Although EPA must take action on many State regional haze SIPs during the same timeframe, each SIP must nevertheless be evaluated on its own merits and approved by EPA if it complies with the Act. *See* 42 U.S.C. § 7410(k)(3); *Wyoming v. EPA*, 78 F.4th 1171, 1180–81 (10th Cir. 2023) (EPA has general "oversight authority" over regional haze SIPs, but must evaluate a SIP using only the applicable requirements and specific statutory limitations that apply to each individual SIP). Allowing Plaintiffs' later-filed Utah and Wyoming claims to proceed in Washington, D.C., when those very same claims were first filed in the Districts of Utah and Wyoming would be inconsistent with this cooperative federalism framework. *See Michigan*, 268 F.3d at 1083 (D.C. Cir. 2001). For this reason, too, a stay of these claims pending resolution of the Utah and Wyoming Litigations is appropriate.

Finally, a stay of the Utah and Wyoming claims here pending resolution of the Utah and Wyoming Litigations will not prejudice Plaintiffs, whereas denying a stay would substantially prejudice PacifiCorp. PacifiCorp takes no position on Plaintiffs continuing to pursue the vast majority of their claims in this Court while the Utah and Wyoming claims are stayed and the Utah and Wyoming Litigations proceed apace. But if this Court declines to exercise its discretion to stay the Utah and Wyoming claims in favor of the Utah and Wyoming Litigations, PacifiCorp could effectively be denied its choice of forum altogether. That result is uncalled for here,

when every other equitable consideration weighs in favor of staying the Utah and Wyoming claims asserted in this litigation and allowing those claims to proceed in the Utah and Wyoming district courts where they were first filed.

## CONCLUSION

This Court should grant PacifiCorp's Motion to Stay these proceedings solely with respect to the Utah and Wyoming claims (Plaintiffs' Claims 31 and 34), challenging EPA's failure to take action as to the Utah and Wyoming second implementation period regional haze SIPs, pending the outcome of PacifiCorp's identical claims currently pending before the U.S. District Court for the District of Utah and the U.S. District Court for the District of Wyoming.


Dated: November 27, 2023

                                                    Respectfully submitted,



                                                    s/ Hilary S. Cairnie
MISHA TSEYTLIN*                                     HILARY S. CAIRNIE
Bar Number: 1991031                                 Bar Number: 454912
TROUTMAN PEPPER                                     TROUTMAN PEPPER
HAMILTON SANDERS LLP                                HAMILTON SANDERS LLP
227 W. Monroe Street, Ste. 3900                     401 9th Street, N.W., Ste. 1000
Chicago, IL 60606                                   Washington, DC 20006
(608) 999-1240                                      (202) 220-1207
(312) 759-1939 (fax)                                (202) 220-1465 (fax)
misha.tseytlin@troutman.com                         hilary.cairnie@troutman.com

*Renewal of admission pending

Counsel for Intervenor Plaintiff PacifiCorp

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of November, 2023, a true and accurate copy of the foregoing was served via the Court's CM/ECF system upon all counsel of record.

<div style="margin-left: 50%;">

s/ Hilary S. Cairnie
HILARY S. CAIRNIE
Bar Number: 454912
TROUTMAN PEPPER
HAMILTON SANDERS LLP
401 9th Street, N.W., Ste. 1000
Washington, DC 20006
(202) 220-1207
(202) 220-1465 (fax)
hilary.cairnie@troutman.com

</div>