UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB et al., ) | |
| ) | |
|    Plaintiffs, ) | |
| ) | Civil Action No. 23-1744 (JDB) |
| v. ) | |
| ) | |
| UNITED STATES ENVIRONMENTAL ) | |
| PROTECTION AGENCY et al., ) | |
| ) | |
|    Defendants ) | |

**PLAINTIFFS' REPLY TO PACIFICORP'S MEMORANDUM
IN PARTIAL OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

In this proceeding, Plaintiffs allege that EPA failed to fulfill its nondiscretionary duty to approve or disapprove Clean Air Act state implementation plans for 34 states within 12 months of those plans being deemed administratively complete, in violation of 42 U.S.C. § 7410(k)(2). In its Answer to the Amended Complaint, ECF 28, EPA admits that it has not taken final action on any of the state plans for regional haze that are at issue in this proceeding. Thus, EPA is in violation of its nondiscretionary duty under the Clean Air Act to take final action—either approving or disapproving—Regional Haze plans submitted by 34 states within 12 months. As there are no issues of material fact regarding EPA's liability, Plaintiffs are entitled to judgment as a matter of law regarding the 34 states at issue in this proceeding.

In its Memorandum in Partial Opposition to Plaintiffs' Motion for Summary Judgment, ECF 31, PacifiCorp suggests that this Court should allow two other district courts to resolve claims that PacifiCorp has failed to diligently prosecute. PacifiCorp's arguments are without merit.

1

**ARGUMENT**

    I.    <u>PacifiCorp does not dispute EPA's liability, or the one-year deadline for EPA action sought by Plaintiffs.</u>

PacifiCorp "agrees with Plaintiffs that EPA violated its nondiscretionary duty to approve or disapprove the States' regional haze [state implementation plans, or] SIPs within the Clean Air Act's deadlines." ECF 31 at 8. Further, PacifiCorp does not refute the sufficiency of the one-year deadline sought by Plaintiffs for EPA to fulfill this duty. PacifiCorp claims that one year is "impracticable" based on a purported need for EPA to resolve obligations from the prior round of regional haze state plan approvals in Utah and Wyoming, *id.* at 12, but never provides a basis or evidence for this claim. Even if EPA did need to resolve these obligations (and it does not), the Clean Air Act's deadlines are unambiguous. Nothing in the Act, EPA regulations, or case law allows further delays based on "impracticability." Further, nothing in the regional haze program requires EPA to fully implement the independent first planning period requirements before moving on to the next planning period. As demonstrated in Plaintiff's Memorandum of Points and Authorities, ECF 22 at 14–15, court decisions on deadline cases consistently hold that agency violations of mandatory deadlines must be remedied as soon as possible.

    PacifiCorp does not claim, much less demonstrate, that completion of EPA action on the Utah and Wyoming plan in one year is impossible. PacifiCorp's burden to show impossibility is particularly heavy here, as Congress has established the exact same one-year time frame in the Clean Air Act for EPA action on state plans. 42 U.S.C. § 7410(k)(2). Further, PacifiCorp does not address at all the specific examples in the Plaintiffs' Memorandum of Points and Authorities, ECF 22 at 20–21, where courts have ordered EPA to complete similar tasks in less than one year.

II.     As an intervenor, PacifiCorp may not dictate venue.

PacifiCorp argues that Plaintiffs' Motion is "nothing more than another unfair attempt to jump the line and deprive PacifiCorp of its chosen venue," and its "right to defend" its interests. ECF 31 at 9. To the contrary, as Plaintiffs and EPA explained in their responses to PacifiCorp's Motion to Intervene, the Company does not have a protectible right to the venue of its choosing. Having voluntarily joined the action, the "intervenor has waived the privilege not to be required to engage in litigation in that forum." Wright & Miller, 7C Fed. Prac. & Proc. Civ. § 1918 (3d ed.) (citing cases). Indeed, "[w]hen a party seeks to enter pending litigation as an intervenor, he enters the litigation subject to the venue which already exists. *The purpose of venue is to alleviate the hardship on a defendant* arising from his being forced to defend a suit in an inconvenient forum. Such a consideration does not apply to an intervenor." *Commonwealth Edison Co. v. Train*, 71 F.R.D. 391, 394 (N.D. Ill. 1976) (emphasis added).

Moreover, PacifiCorp is a party to this case, and will have ample opportunity to defend its purported "interest in ensuring that EPA takes timely action on SIP submittals." ECF 17-1 at 1. PacifiCorp says it wants to "ensure a seat at any table where EPA's failure to act on the Utah and Wyoming SIPs may be heard." ECF 31 at 2. Indeed, this Court is that table where EPA's failure to act is being heard, and the Court has granted PacifiCorp's intervention. The Court should reject PacifiCorp's attempts to delay.

III.    A stay of the Utah and Wyoming claims is contrary to judicial efficiency, and contrary to the interests of the parties other than PacifiCorp.

PacifiCorp argues the Court should "stay any consideration of Plaintiffs' summary judgment request pertaining to Utah and Wyoming under its equitable authority, allowing those claims to proceed in the regional district courts where PacifiCorp previously filed claims." ECF 31 at 10. But PacifiCorp cites no authority supporting a stay under these circumstances. Citing

3

*Bledsoe v. Crowley*, 849 F.2d 639, 645 (D.C. Cir. 1988) (citation omitted), PacifiCorp suggests a stay is in the interest of "economy of time and effort for itself, for counsel, and for litigants." But staying the Utah and Wyoming claims would not be in the best interests of time and economy for the federal courts, EPA, or Plaintiffs. There is no dispute as to liability and all of the claims and parties are already consolidated here, and the claims are ripe for resolution. Moreover, Plaintiffs are not parties to the Utah and Wyoming cases and would be prejudiced by a court order effectively requiring them to intervene and litigate in those fora. Such an outcome would be the opposite of an efficient resolution.

Any claim that the district courts in Utah and Wyoming have greater familiarity with local conditions is irrelevant: the issue is whether it is impossible for EPA to meet the one-year time frame set by Congress. 42 U.S.C. § 7410(k)(2). EPA will have the same burden to show that impossibility whether the case is litigated in the District Court for the District of Columbia or elsewhere. The substantive issues surrounding potential pollution controls at specific plants in Utah and Wyoming will be addressed in the state regional haze plans themselves, and PacifiCorp will have ample opportunity to comment on those and challenge the final actions in circuit court.

The cases cited by PacifiCorp are unavailing. *Marsh v. Johnson*, 263 F. Supp. 2d 49, 52 (D.D.C. 2003), does not "present identical issues to those raised here." That case involved the stay of district court claims that the Navy unlawfully denied Plaintiff's promotion after the defendant agreed to "reconsider[] the plaintiff's non-promotion," which "might resolve the plaintiff's claims, thus obviating the need for intervention by the court." *Id.* at 52. Here, by contrast, EPA itself states: "It will be more judicially efficient and convenient to have a single order from a single court addressing the SIPs for all 34 states. That can only occur in this case."

4

ECF 20 at 4. Further, PacifiCorp has failed to move for summary judgment in either of the other district courts. Thus, there is no basis for concluding that a stay in this case will obviate the need for action in this Court.

PacifiCorp's reliance on *Fairview Hosp. v. Leavitt*, 2007 WL 1521233 (D.D.C. 2007), is misplaced. In that case, the *Plaintiffs* filed a motion for a stay of proceedings pending the resolution of identical claims, filed by aligned parties and identical counsel, in another court. *Id*. at 2–3. Here, by contrast, the Plaintiffs and Intervenors not aligned, and seek different relief. Indeed, Plaintiffs seek to resolve this case "as quickly as possible," ECF 31 at 10, and seek an order requiring EPA to take action within 12 months, in accordance with the Clean Air Act's mandatory deadlines. PacifiCorp, on the other hand, does not explain its requested relief, but seeks an "appropriate timeframe" for final action that accounts for purportedly local concerns like the resolution of EPA's entirely separate obligations under Round 1 of the Regional Haze, *id.* at 11–12. But the Clean Air Act does not allow EPA to take action on a timeline it deems "appropriate," adjusted for claimed local concerns. Instead, the Clean Air Act's deadlines are clear and unequivocal: EPA "shall act" on a state submittal "[w]ithin 12 months of a determination" that the SIP is administratively complete. 42 U.S.C. § 7410(k)(2). PacifiCorp's potentially protracted "appropriate" timeline—which depends on the resolution of separate agency action for which there is no deadline—is fundamentally inconsistent with the Clean Air Act, Plaintiff's requested relief, and the Company's own purported interest in expedited action.

*Colo. River Water Conservation Dist. v. U.S.* and *Washington Metro. Area Transit Auth. v. Ragonese* are inapposite. *Colo. River Water Conservation Dist.* involved the stay of complex federal court litigation brought by the United States to protect tribal water rights from overconsumption by "some 1,000 water users," pending the resolution of a state court case filed

by one of the defendants who was asserting a claim to the water at issue. *Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 804–05 (1976). The Court held that "regard for federal-state relations" weighed in favor of a stay pending the state court's resolution of the defendant's water rights claim. *Id.* at 817. In *Wash. Metro. Area Transit Auth.*, the D.C. Circuit found that principles of comity weighed in favor of staying one of "two cases between the *same* parties on the same cause of action are commenced in two different Federal courts." *Wash. Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980) (emphasis added).

Neither of those cases support a stay of this case pending the resolution of another case that does not involve the same parties or requested relief. In fact, the *Washington Metro Court* explicitly recognized that the comity doctrine "does *not* contemplate that fundamental rights of citizens will be adjudicated in forums from which they are absent." *Id.* at 830–31 (emphasis added). Here, the Plaintiffs are not parties to the Utah or Wyoming cases, and as explained, PacifiCorp's requested relief is inconsistent with the Clean Air Act and the Plaintiffs' requested relief here.

### IV. Plaintiffs seek a deadline for EPA actions, not an order directing EPA as to the substance of its actions.

PacifiCorp claims that a stay is warranted because "each State has broad authority to craft its SIP, requiring EPA's review of each SIP submission on its own merits and taking into account local concerns. *See* 42 U.S.C. § 7410(k)(3)," and that the "local district courts in Utah and Wyoming have a greater connection to those States and so are better suited to oversee the parties' resolution of the unique circumstances relevant to EPA's obligation to act on each individual SIP." ECF 31 at 11. But the resolution of the claims in this case—which seek only to require EPA to take action by a date certain under 42 U.S.C. § 7410(k)(2)—are wholly independent from the merits or substance of EPA's ultimate decision approving or disapproving

a SIP under 42 U.S.C. § 7410(k)(2). In seeking to enforce the Clean Air Act's mandatory deadline to take action, Plaintiffs' requested relief does not compel EPA to take any particular action. In fact, the district courts lack jurisdiction to review the merits, or dictate the substance, of any EPA action on the 34 state plans at issue. Instead, the Clean Air Act provides that the federal circuit courts, not the district courts, have exclusive jurisdiction over any challenge to that ultimate action. 42 U.S.C. § 7607(b). Plaintiffs' claims do not implicate the potential state-specific substantive issues underlying the Utah and Wyoming SIPs.

Even if the mere imposition of a deadline for final EPA action under 42 U.S.C. § 7410(k)(2) implicated state-specific concerns (and it does not), there is no reason why this Court cannot take those considerations into account. In fact, this Court may be uniquely positioned to select appropriate remedial deadlines in a multistate regional haze case involving EPA. *See, e.g.*, *Nat'l Parks Conservation Ass'n v. Jackson*, Case No. 1:11-cv-01548-ABJ, Consent Decree, ECF 4-1 (D.D.C. 2011). This case implicates 34 states in nine EPA regions, including all six states in EPA Region 8, where Utah and Wyoming are located. This Court is better equipped than Utah or Wyoming in adopting a schedule for final action that takes into account EPA's obligation to act on haze plans for all of those states within the deadlines established by the Clean Air Act.

V. PacifiCorp's contradictory arguments provide no basis for the Court to deny summary judgment.

The Court should reject PacifiCorp's arguments as inconsistent and contradictory. PacifiCorp's Complaint in Intervention seeks declaratory judgment that EPA has violated the Clean Air Act as Utah and Wyoming and an order compelling EPA action by dates certain. ECF 29 at 13–14. Indeed, PacifiCorp intervened as a Plaintiff, not a Defendant, and says it agrees with Plaintiffs that EPA violated a nondiscretionary duty. *Id.* at 8. Then, in the same breath, PacifiCorp seeks to stay action in this matter pending the outcome of the proceedings in Utah

7

and Wyoming. *Id.* at 13–14. That is, PacifiCorp asks the Court to move full speed ahead and to stop completely at the same time.

Further, while arguing that EPA violated its nondiscretionary duty, PacifiCorp also argues that purportedly unique state-specific considerations weigh against the resolution of these undisputed claims in a timely manner. ECF 31 at 8. Instead, PacifiCorp suggests that this Court should stay its hand to allow local district courts to resolve claims that the Company has failed to diligently prosecute. Indeed, despite filing claims in Utah and Wyoming nearly three months ago, PacifiCorp has not filed a single substantive motion or pleading to move those cases forward. *PacifiCorp v. EPA*, Case No. 2:23-cv-00771 (D. Utah); *PacifiCorp v. EPA*, Case No. 2:23-cv-00200 (D. Wyo.). Yet somehow the Company has found ample time to intervene in this case, move to stay the proceedings indefinitely, and filed an opposition to the expeditious resolution of claims over which there is no dispute. In short, PacifiCorp's alleged "interest in ensuring that EPA takes timely action on SIP submittals," ECF 17-1 at 1, is belied by the Company's efforts to impede this Court from doing just that.

## CONCLUSION

PacifiCorp's approach would require Plaintiffs and EPA to litigate undisputed claims in as many as 34 different federal courts. Nothing in the Clean Air Act or the case law supports such an approach. Besides wasting the Plaintiffs', EPA's, and the Court's resources, this approach could result in inconsistent judicial pronouncements regarding liability or a patchwork of overlapping deadlines impeding EPA's ability to take the required action in an orderly and efficient manner. The Clean Air Act and all of the relevant case law plainly provide this Court with authority to enter a single, uniform judgment resolving all of the claims relating to EPA's obligation to take action under the Regional Haze Rule.

For these reasons, the Court should reject the arguments in the Memorandum in Opposition and grant Plaintiff's Motion for Summary Judgment as to all 34 states at issue in this proceeding.

Respectfully submitted,

**1/16/2024**                                s/ Charles McPhedran
_____          _____
Date                                         Charles McPhedran
                                             District of D.C. No. PA0116
                                             Earthjustice
                                             1617 JFK Boulevard, Suite 2020
                                             Philadelphia, PA 19103
                                             (215) 206-0352
                                             cmcphedran@earthjustice.org

*Counsel for Sierra Club, National Parks Conservation Association, and Environmental Integrity Project*

Joshua D. Smith
Oregon Bar No. 071757 (pro hac vice)
Sierra Club
2101 Webster Street, #1300
Oakland, CA 94612
(415) 977-5560
joshua.smith@sierraclub.org

*Counsel for Sierra Club*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January, 2024, a true and correct copy of the foregoing Plaintiffs' Reply to PacifiCorp's Memorandum In Partial Opposition to Motion For Summary Judgment was served via the Court's CM/ECF system upon all counsel of record.

*/s/ Angelica Navarro*
Angelica Navarro
