UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SIERRA CLUB, et al.**<br><br>**Plaintiffs,**<br><br>v.<br><br>**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,**<br><br>**Defendants.** | Civ. No. 1:23-cv-01744-JDB |

### DEFENDANTS' COMBINED MOTION TO EXTEND CERTAIN DEADLINES UNDER CONSENT DECREE AND STATEMENT OF POINTS AND AUTHORITIES

### MOTION

Pursuant to Federal Rule of Civil Procedure 7, Defendants Environmental Protection Agency ("EPA") and Lee Zeldin,[1] EPA Administrator, hereby respectfully move this Court to extend certain deadlines set by this Court's Consent Decree (Dkt. No. 53-1) in the above-captioned matter. The bases for this motion are set forth in the Statement of Points and Authorities below.

### STATEMENT OF POINTS AND AUTHORITIES

Since the Court's entry of the Consent Decree in this matter in July 2024, EPA has been diligently working to complete its obligations under that decree (Dkt. No. 53-1) and has made substantial progress. Indeed, EPA has met its obligations—on all thirteen agency actions—to date. Because of a variety of complications in agency actions subject to certain March and May

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Administrator Lee Zeldin is automatically substituted for the prior EPA Administrator, Michael Regan.

1

2025 deadlines, however, EPA needs limited extensions of time to take these actions. Because good cause exists to extend these deadlines, Defendants respectfully request[2] the Court extend the following deadlines under the Consent Decree:

- A 60-day extension from March 31, 2025, to May 30, 2025, to sign the Florida Regional Haze Plan revision

- A 90-day extension from March 30, 2025, to June 28, 2025, to sign the West Virginia Regional Haze Plan revision

- A 90-day extension from March 30, 2025, to June 28, 2025, to sign the Ohio Regional Haze Plan revision

- A 90-day extension from May 30, 2025, to August 28, 2025, to sign the Idaho Regional Haze Plan revision

- A 90-day extension from May 30, 2025, to August 28, 2025, to sign the Michigan Regional Haze Plan revision

- A 90-day extension from May 30, 2025, to August 28, 2025, to sign the Texas Regional Haze Plan revision

- A 90-day extension from May 31, 2025, to August 29, 2025, to sign the California Regional Haze Plan revision

## **BACKGROUND**

The deadlines at issue in this motion concern states' Regional Haze revisions under the Clean Air Act ("CAA"). In 1990, Congress amended the Act to address regional haze visibility impairment. These amendments require states to submit Regional Haze State Implementation Plans ("SIPs") for EPA review and, if appropriate, approval, for each iterative time period (referred to as "planning periods"). 42 U.S.C. § 7491(a)(1); 40 C.F.R. § 51.308(d)-(e), (f). These SIPs include (a) calculation of baseline, current, and natural visibility conditions, (b) plans for evaluating and adopting emissions controls for individual or groups of sources of visibility

---

[2] Undersigned counsel met and conferred with Plaintiffs' counsel who represented that Plaintiffs oppose this motion and intend to file a response.

impairing pollutants; (c) consultation with federal land managers and neighboring states on the state's long-term strategy; and (d) establishment of reasonable progress goals to achieve implementation of the long-term strategy. 40 C.F.C. Part 51, Subpart P; *see e.g.*, DEX 1 (Diaz Decl.) ¶ 7.

EPA reviews and approves Regional Haze SIPs locally in the EPA Regional Office encompassing the state submitting the SIP. When an EPA Regional Office receives a state's Regional Haze SIP submission, the highly specialized SIP employees within that Region's Air and Radiation Division must (1) evaluate the SIP submission against the CAA's statutory requirements and EPA's regulations and guidance; (2) draft notices of proposed rulemaking to be approved and signed by the Regional Administrator for that EPA Region, in coordination with EPA Headquarters; (3) publish the notice in the *Federal Register* typically for a minimum of 30 days for public comment as required by 5 U.S.C. § 553(d); (4) evaluate and draft responses to the comments received on the notice of proposed rulemaking; and (5) draft notices of the final rulemaking in coordination with EPA Headquarters to be approved and signed by the Regional Administrator before publication of the final rulemaking in the *Federal Register*. *See e.g.*, DEX 1 ¶¶ 8, 9, 12.

## ARGUMENT

Pursuant to this Court's order, the deadlines established by the Consent Decree "may be extended . . . by the Court upon motion of any party to this Consent Decree for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by the non-moving party and any reply." Consent Decree (Dkt. No. 53-1) ¶ 7. "Good cause" requires no exceptional circumstances but instead is merely "[a] legally sufficient reason." *Good cause*, BLACK'S LAW DICTIONARY (12th ed. 2024); *Nat'l Whistleblower Cntr v. Nuclear Regulatory Com'n*, 208 F.3d 256, 262-66 (D.C. Cir. 2000) (considering "good cause" to be a different

3

standard that "unavoidable and extreme circumstances"). Here, good cause exists for extension of each of the requested deadlines as set forth below.

### I. EPA Needs Additional Time to Brief the New Administration on These Actions.

As this Court is well aware, a new Administration took office on January 20, 2025, of this year. EPA's new Administrator was sworn in on January 30, 2025, and many of the EPA Regions working to complete the Regional Haze SIPs at issue in this motion have or soon will have new Regional Administrators, who ultimately are responsible for determining how EPA decides these actions. *See, e.g.*, DEX 1 ¶ 9; DEX 2 (Viswanathan Decl.) ¶ 16. For each of the Regional Haze SIPs at issue in this motion, EPA needs time to brief the new officials and familiarize them with the issues in these highly technical SIPs. DEX 1 ¶ 13; DEX 2 ¶¶ 16-17; DEX 3 (Fernandez Decl.) ¶¶ 20-21; DEX 4 (Mooney Decl.) ¶ 15; DEX 5 (McDonald Decl.) ¶ 12; DEX 6 (Lakin Decl.) ¶ 12. On this basis alone, the Court should grant EPA's request for extension of the identified deadlines.

### II. The Specific Procedural Posture of Each Regional Haze SIP Further Supports Extension of the Deadlines.

In addition to briefing the new Administration, the specific procedural posture of each of the SIPs further justifies extension of the deadlines.

#### A. Florida Regional Haze SIP

EPA needs an additional 60 days to complete and sign its final rulemaking for Florida's Regional Haze SIP revision because the comment period for EPA's notice of proposed rulemaking on this matter only recently closed on January 27, 2025.

Florida's original SIP was over 5,500 pages long, and Florida supplemented it with an additional 550 pages of material in June and at the end of October 2024. DEX 1 ¶ 10. Florida further provided additional information in mid-December 2024. *Id*. Accordingly, EPA was not

able to issue the notice of proposed rulemaking until the end of December 2024, with the comment period closing January 27, 2025. *Id.* ¶ 11. EPA received thousands of pages of comments and supporting documentation in response to its notice of proposed rulemaking. *Id.* ¶ 12. Some of these comments involve issues of national consistency that must be discussed and resolved across other EPA Regions and Headquarters. *Id.*

To finalize the Florida Regional Haze SIP rulemaking, EPA must finish responding to the public comments (including coordination with EPA Headquarters), draft and finalize the final rulemaking, brief the Regional Administrator, and obtain the Regional Administrator's signature on the notice of final rulemaking. *Id.* ¶ 14.

Given the steps remaining, EPA anticipates that it will be able to sign a final rulemaking by May 30, 2025, thus necessitating a 60-day extension of the current March 31, 2025, deadline. *Id.*

### B. West Virginia Regional Haze SIP

Because the comment period on EPA's notice of proposed rulemaking for the West Virginia Regional Haze SIP remains open and, once comments are received, EPA needs time to brief the new Administration on the matter, EPA needs an additional 90 days to complete and sign its final rulemaking for the West Virginia Regional Haze SIP rulemaking.

West Virginia's SIP and supporting documentation was over 3,700 pages. DEX 3 ¶ 7. Although EPA's Regional staff submitted their proposed rulemaking to EPA Headquarters on September 19, 2024, EPA's internal review procedures substantially delayed the notice of proposed rulemaking. *Id.* ¶¶ 7-12. Regional and Headquarters staff coordinated to ensure technical and legal sufficiency of the of the proposed rulemaking through early January 2025 before the Regional Administrator approved and signed the notice of proposed rulemaking, and it

was not published in the *Federal Register* until January 21, 2025. *Id*. The comment period for this rulemaking does not close until February 20, 2025. 90 Fed. Reg. 6932; DEX 3 ¶ 14.

Based on its experience with other Regional Haze SIPs, EPA expects a number of significant and potentially adverse comments on the proposed rulemaking. DEX 3 ¶ 17. The time necessary for EPA to complete the final rulemaking is highly dependent on the number and complexity of the comments received, with the time necessary to respond ranging from 65 to 120 days. *Id*. ¶ 15. Part of this time is necessary to address any issues that require coordination across EPA Regions and with EPA Headquarters. *Id*. ¶ 19.

EPA anticipates that it will be able to accomplish all steps in this process, including familiarizing the new administration by June 28, 2025, requiring a 90-day extension of its current March 30, 2025, deadline. *Id*. ¶ 22.

C. **Ohio Regional Haze SIP**

EPA needs a 90-day extension on the Ohio Regional Haze SIP both because the state submitted information to EPA late and because, in response to public request, the comment period is being reopened.

After originally submitting its Regional Haze SIP in 2021 without conforming its submission to the then-recent guidance, Ohio provided a supplement to its submission on August 6, 2024. DEX 4 ¶ 8. EPA immediately reviewed the additional information and signed a notice of proposed rulemaking, which was published on August 30, 2024. *Id*. ¶ 8. In response to public request, the initial comment period was extended 15 days and closed on October 15, 2025. *Id*. EPA received over 1,200 pages of substantial adverse public comments on the proposed rulemaking, including a request that the comment period be re-opened. *Id*. EPA agreed that the period of public comment needed to be reopened for 15 days and prepared an appropriate notice, but due to the timing of the notice in relation to the change in Administration, signature of the

6

notice was delayed. *Id*. The notice has now been signed and delivered to the Office of Federal Register where it is currently awaiting publication. *Id*.

The new public comment period will close 15 days after publication of the notice in the *Federal Register*. *Id*. ¶ 8. Once the comment period closes, EPA will still need to consider and respond to all comments received, including any comments requiring coordination with Headquarters to ensure national consistency. *Id*. ¶ 9. EPA then will still need to prepare the final rulemaking, brief the Regional Administrator and obtain the Regional Administrator's signature. *Id*. EPA has only two employees with the requisite technical expertise to work on this matter. *Id*. ¶ 14. Nevertheless, EPA anticipates that it can finalize and sign the final Ohio Regional Haze SIP by June 28, 2025, necessitating a 90-day extension of the current March 30, 2025, deadline. *Id*. ¶ 16.

### D. Idaho Regional Haze SIP

Because of the Office of Federal Register's unanticipated delay in publishing EPA's notice of proposed rulemaking for the Idaho Regional Haze SIP, EPA needs an additional 90 days to complete and sign its final rulemaking.

Idaho's SIP submission totaled more than 1,000 pages, with multiple large and technically complex supplemental submissions. DEX 2 ¶¶ 8-9. Nevertheless, EPA completed and signed a notice of proposed rulemaking on January 6, 2025, and on the same day submitted it to the Office of the Federal Register for publication. *Id*. ¶ 10.

Notably, EPA has no control over the timing of publication of its submissions in the *Federal Register*. *Id*. ¶ 12. The Office of the Federal Register is a separate and distinct federal agency that publishes rulemakings from all agencies across the federal government. *Id*. The timing of publication is dependent on the number and volume of submissions the Office of Federal Register receives contemporaneous with EPA's submission. *Id*.

Although EPA sent the notice of proposed rulemaking for the Idaho Regional Haze SIP to the Office of the Federal Register on January 6, 2025, two weeks later on January 20, 2025, the submission had not yet been published. *Id*. ¶ 13. On January 20, 2025, President Trump issued a Presidential Memorandum entitled "Regulatory Freeze Pending Review." https://www.whitehouse.gov/presidential-actions/2025/01/regulatory-freeze-pending-review/. This memorandum ordered all executive departments and agencies to "[i]mmediately withdraw any rules that have been sent to the [Office of the Federal Register] but not published in the *Federal Register*, so that they can be reviewed and approved . . . by a department or agency head appointed or designated by the President after noon on January 20, 2025." *Id*. Accordingly, the Idaho Regional Haze SIP notice of proposed rulemaking was withdrawn. DEX (R10) ¶ 13. ]

On January 29, 2025, a new Regional Administrator was appointed to EPA Region 10. *Id*. ¶ 15. EPA needs time to familiarize the new Regional Administrator not only with the Idaho Regional Haze SIP notice of proposed rulemaking, but also a number of other matters within the Region. *Id*. ¶ 16. All of this must happen before EPA can resubmit the notice of proposed rulemaking for publication in the *Federal Register*.

Once the notice of proposed rulemaking is published, EPA still must take a number of steps to complete the final rulemaking, and the Region has only one employee with technical expertise in Idaho's SIP. *Id*. ¶¶ 6-7, 18. Notably, the proposed rulemaking must be published for public comment for a minimum of 30 days. *Id*. ¶ 18. EPA then must consider and draft responses to comments, which will require coordination with Headquarters on any issues requiring national coordination. *Id*. EPA then must draft the final rulemaking, brief the Regional Administrator and obtain the Regional Administrator's signature. *Id*.

EPA anticipates that it can accomplish these steps by August 28, 2025, thus requiring a 90-day extension of the current May 30, 2025, deadline. *Id*. ¶ 19.

### E. Michigan Regional Haze SIP

EPA needs a 90-day extension of the deadline to sign the final rule regarding the Michigan Regional Haze SIP because EPA is still waiting for Michigan to submit additional information.

Michigan submitted its initial Regional Haze SIP in August 2021 without conforming its submission to the then-recent guidance. *Id*. ¶¶ 5-6. In 2023, Michigan informed EPA that it intends to submit additional information to the agency. *Id*. ¶ 10. EPA has had multiple meetings with state officials over the intervening time, but at present, Michigan has informed EPA that it does not expect to provide the supplemental information until this Spring. *Id*. Michigan's timeline for providing documentation to EPA is hampered by the state's own administrative procedure requirements under state law, including mandatory consultation processes and the State's public comment period. *Id*. ¶ 11.

Once EPA receives this information, it still must analyze the data and complete the rulemaking process. *Id*. ¶ 12. It must draft the notice of proposed rulemaking, brief the Regional Administrator and obtain signature on the proposal. *Id*. EPA must then publish the notice of proposed rulemaking in the *Federal Register* for a minimum of 30 days. *Id*. EPA must then consider and respond to the public comments received, at least some of which will likely require coordination with other Regions and/or Headquarters. *Id*. EPA then must draft the final rulemaking, brief the Regional Administrator, and obtain the Regional Administrator's agreement with and signature on the final rulemaking. *Id.*

Because EPA intends to use this additional information from Michigan to complete the rulemaking process and render a decision on Michigan's Regional Haze SIP, EPA needs a 90-day extension of its deadline from May 30, 2025, to August 28, 2025. *Id*. ¶ 16.

9

### F. California Regional Haze SIP

Because the comment period for EPA's notice of proposed rulemaking on the California Regional Haze SIP only recently closed on February 3, 2025, EPA needs a 90-day extension to complete and sign the final rulemaking.

EPA signed a notice of proposed rulemaking regarding the California Regional Haze SIP that was published on December 19, 2024. DEX 6 ¶ 8. Because the comment period spanned the winter holidays, EPA held the comment period open for 45 days, until February 3, 2025. *Id*. ¶ 9. EPA received substantial and complex comments, including one with 57 separate exhibits, and some of which raised issues that must be coordinated across Regions and with Headquarters to ensure national consistency. *Id*.

EPA has limited staff to complete the remaining tasks necessary to finalize and sign the final rule for the California Regional Haze SIP. The EPA Region encompassing California has only three employees to work on *all* Regional Haze SIPs in the Region, as well as a number of other projects subject to their own separate consent decree deadlines. *Id*. ¶ 11. On this SIP alone, EPA still must coordinate with other Regional staff, including air quality modelers, control measure experts, and attorneys to review comments and develop a recommendation and briefing materials regarding the SIP for senior management. *Id*. ¶ 10. The Regional employees draft the responses to comments, regulatory text, and preamble for the final rulemaking. *Id*. All of these steps require input by EPA Headquarters and other offices before a final decision can be rendered. *Id*.

Accordingly, EPA needs a 90-day extension, until August 29, 2025, to complete and sign the rulemaking for the California Regional Haze SIP.

### G. Texas Regional Haze SIP

Because of the number and complexity of comments received on EPA's notice of proposed rulemaking for the Texas Regional Haze SIP and the need to brief the new

10

Administration on this complicated SIP, EPA needs a 90-day extension on its deadline to complete and sign its final rulemaking.

EPA signed the notice of proposed rulemaking for Texas's Regional Haze SIP on September 27, 2024, but the Office of the Federal Register did not publish it until October 15, 2024. DEX 5 ¶ 7. In response to numerous requests, EPA extended the comment period for the proposed rulemaking by 19 days, until December 3, 2024. *Id.* ¶ 9. EPA received hundreds of pages of comments on the proposed rulemaking, with many comments raising issues of national concern requiring coordination among EPA Regions and with Headquarters. *Id.* ¶¶ 10, 13.

EPA still has several steps to complete before it can finalize and sign the final rule and limited staff available to accomplish these tasks. *Id.* ¶¶ 14-17. The Region has only one employee dedicated full time to working on this and other Regional Haze matters, and two additional employees working on both Regional Haze matters and other agency actions under the Clean Air Act. *Id.* ¶¶ 14-17. With respect to the Texas Regional Haze SIP, these employees must prepare responses to all significant comments, prepare a notice of final rulemaking, and coordinate with and brief Region 6 management and EPA Headquarters. *Id.* ¶ 14. Because of the specialized technical expertise Regional Haze SIPs require, EPA cannot simply task other staff to this position, even if other employees were available. *Id.* ¶¶ 16-17.

Notably, the Texas's Regional Haze SIP is particularly complicated because of the large number of sources of emissions in Texas. *Id.* ¶ 12. EPA needs time to brief the new Administration and allow the new officials to familiarize themselves with this complicated SIP before issuing a final decision. EPA nevertheless anticipates it can accomplish this by August 28, 2025 (*i.e.*, with a 90-day extension of the May 30, 2025, deadline). *Id.* ¶ 18.

## CONCLUSION

For the foregoing reasons, EPA respectfully requests the Court enter an order extending the deadlines for EPA to sign final rules by 60 days for the Florida Regional Haze SIP and by 90 days for the West Virginia, Ohio, Idaho, Michigan, Texas and California Regional Haze SIPs. A proposed order is attached for the Court's convenience.

Respectfully submitted,

LISA LYNNE RUSSELL
DEPUTY ASSISTANT ATTORNEY GENERAL
Environment and Natural Resources Division

/s/ Kimere J. Kimball
KIMERE J. KIMBALL (TRIAL ATTORNEY)
MARK WALTERS (TRIAL ATTORNEY)
USDOJ ENRD/EDS
P.O. Box 7611
Washington, DC  20044-7611
Telephone:  (202) 514-2285 (Kimball)
Telephone:  (303) 844-1380 (Walters)
*E-mail:  Kimere.kimball@usdoj.gov*
*Email:  mark.walters@usdoj.gov*
 *Counsel for Defendant*

February 19, 2025

Of Counsel:
Yasmín Pérez Ortiz
U.S. Environmental Protection Agency
Office of General Counsel
Air and Radiation Law Office